**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RODNEY MAHAN, JOHN H. HENLEY, III, JOEL BARTON, JR., JOHN RIGGINS, AND JUSTIN SIKES | § § § § | CASE NO. 9:20-CV-119 |
| | § | JUDGE RON CLARK |
| *Plaintiffs,* | § § | |
| | § | MAGISTRATE JUDGE |
| v. | § | ZACK HAWTHORN |
| | § | |
| THE TEXAS DEPARTMENT OF PUBLIC SAFETY, STEVEN MCCRAW, AND STEVEN MACH, | § § § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER GOVERNING PROCEEDINGS</u>

This case is assigned to the Honorable Ron Clark, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial proceedings. **Unless the parties opt for trial before the undersigned,[1] Judge Clark's procedures and rules of practice will govern this action.** Accordingly, the following deadlines and standards for pretrial proceedings govern until and unless the parties consent to trial before the undersigned.

If all parties do consent to proceed before the undersigned magistrate judge, the parties should use the "Alternate Order Governing Proceedings" and template for "Alternate Proposed Scheduling Order" included at the end of this order.

Counsel and all unrepresented parties must comply with the following deadlines:

1.      Rule 26(f) attorney conference on or before **<u>July 20, 2020.</u>**

2.      Complete initial mandatory disclosures required by this Order: **10 days after deadline for Rule 26(f) conference.**

---

[1] Upon receipt of signed consent forms by all parties, the case shall be reassigned to the undersigned, who shall conduct all proceedings, including jury and non-jury trials, and order the entry of judgment.

3.    File joint report of attorney conference: **14 days after deadline for Rule 26(f) conference.** This should follow initial mandatory disclosures, so a realistic proposal regarding depositions and other discovery can be included.

4.    The case is **SET for a Rule 16 management conference** on <u>**August 17, 2020 at 10:15 a.m.**</u> in Courtroom No. 4, Jack Brooks Federal Building, 300 Willow Street, Beaumont, Texas. Lead counsel for each party, with authority to bind their respective clients, and all unrepresented parties, shall be present.  Continuance of the management conference will not be allowed absent a showing of good cause.[2]

### <u>RULE 26(f) ATTORNEY CONFERENCE</u>

Rule 26(f) requires attorneys of record and all unrepresented parties to confer and attempt in good faith to agree on a proposed scheduling order (*see* Appendix 1) and to electronically file a joint report outlining their proposals. The conference may be by telephone.

Before commencing the Rule 26(f) conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney conference.  Counsel should also inquire whether their clients are amenable to trial before a United States magistrate judge.  Parties willing to consent should file the appropriate form electronically (*see* form on Eastern District of Texas website) as soon as possible, so that the case can be reset for management conference before the magistrate judge to whom the case is assigned.

The parties must include the following matters in the joint conference report:

1.    A brief factual and legal synopsis of the case.

2.    The jurisdictional basis for this suit.

3.    Confirm that initial mandatory disclosures required by Rule 26(a)(1) and this Order have been completed.

4.    Proposed scheduling order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from standard schedule.  <u>**Now is the time to inform the court of any special complexities or need for more time before the trial setting.**</u>

---

[2] Before the case management conference, counsel and unrepresented parties should review the most recent versions of the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. The Local Rules are available on the Eastern District of Texas website (www.txed.uscourts.gov).

The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.

5.      If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses. The court may appoint a mediator upon request.

6.      The identity of persons expected to be deposed.

7.      Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

8.      Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502.

9.      Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

10.     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

11.     Any other matters that counsel deem appropriate for inclusion in the joint conference report.

## <u>CONTESTED MOTION PRACTICE</u>

Counsel and parties shall comply with Local Rules CV-7, 10, 11, and 56, in addition to the Federal Rules of Civil Procedure.  Local Rule CV-7 requires you to attach affidavits and other supporting documents to the motion or response.  Labeled tabs on the attachments to the courtesy copy will make it easier to find them.

If the motion with attachments exceeds twenty pages, the court requests that you bind the courtesy copy at the left to make it easier to read.  This binding must be either spiral bound or three-hole punched *and* placed in a three-ring binder.  You should print the docketed version of your motion from CM-ECF so that your motion includes the docket identifier at the top of each page.

Pursuant to Local Rule CV-7(b), highlight in the courtesy copy the portions of the affidavits or other supporting documents that are cited in your motion or response.

## SAFEGUARDING PERSONAL INFORMATION

The Judicial Conference of the United States has implemented policies to protect sensitive private information about parties, witnesses, and others involved in a civil, criminal, or bankruptcy case. To that end, all documents filed with the court and made available to the public, whether electronically or on paper, should limit certain information as follows:

- for Social Security numbers, use only the last four digits;
- for financial account numbers, use only the last four digits;
- for names of minor children, use only their initials;
- for dates of birth, use only the year; and
- (in criminal cases) for home addresses, use only the city and state.

If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless and until it is redacted. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.

## DISCOVERY

Initial mandatory disclosures pursuant to Rule 26(a)(1) shall be completed not later than ten days after the deadline for the Rule 26 attorney conference and shall include the following:

1.    The correct names of the parties to the action.

2.    The name and, if known, the address and telephone number of any potential parties to the action.

3.    The name and, if known, the address and telephone number of persons having knowledge of facts relevant to a claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person. This may be combined with the list of persons required under Rule 26(a)(1)(A)(i) so that two lists are not needed.

4.    The records or the authorizations described in Local Rule CV-34.

5.      A copy of all other documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to a claim or defense of any party. This may be combined with disclosures under Rule 26(a)(1)(A)(ii) so that duplication is avoided. Parties are encouraged to agree upon provision of information by electronic means.

*See* Local Rule CV-26(d) for meaning of "relevant to the claim or defense of any party." **A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion.** A party is not excused from making its disclosures because it has not fully completed its investigation of the case.

Early Rule 34 requests may be delivered in compliance with Rule 26(d)(2).  *See* FED. R. CIV. P. 26(d)(2).  But, these requests are not considered served until the Rule 26(f) conference has occurred.  All other discovery shall not commence until the Rule 26(f) conference, (*See* FED. R. CIV. P. 26(d), 34) except that depositions may be taken by agreement, and initial mandatory disclosure **shall** occur, before the Rule 16 management conference, so that counsel are in a position to intelligently discuss additional required discovery, and scheduling of the case. Following the management conference, the court will enter a scheduling order setting deadlines controlling disposition of the case.

The fact that the scheduling order will have a deadline for completion of discovery is **NOT** an invitation, or authorization, to withhold documents or information required to be disclosed as part of initial mandatory disclosures, under the guise of "supplementation." Attorneys are expected to review their client's files and to conduct at least preliminary interviews of their clients and potential witnesses under their control, so as to fully comply with the initial mandatory disclosure requirements by the deadline set in this Order.

These procedures should allow witnesses to be efficiently deposed, experts to be timely identified and prepared to testify, and any follow-up paper discovery to be completed by the deadline set for completion of discovery. The court expects that, in most cases, after reading the pleadings and reviewing the opposing party's initial disclosures an attorney should be alerted to any remaining information that should have been disclosed.  A frank discussion of the issues and discovery during the Rule 26 attorney conference should inform counsel about the information that will be provided by agreement and whether there are disputes that should be brought before the court at the Rule 16 management conference. A party asserting that any information is confidential should immediately apply to the court for entry of a protective order. Unless a request is made for modification, the court will use its standard Protective Order, found on ED Texas website at Judges / Judge Ron Clark / Standard Forms.

## DISCOVERY DISPUTES

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules.  The hotline is the best means to obtain an immediate ruling on whether a discovery request is relevant to any claims or defenses and on disputes that arise during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

**Before filing** a motion to compel, a motion to quash, or a motion for protection from discovery, lead counsel must confer in good faith concerning the disputes.  If agreement cannot be reached, counsel should call the hotline.  If the magistrate judge on duty is not available within a reasonable time, counsel should call this court and determine whether Judge Clark is available for a phone conference.

**Before calling** the magistrate judge or this court on any dispute arising outside of a deposition, any attorney would be well advised to list, in about a half a page, the key points counsel wishes to make, any pertinent record references, and the applicable rule provision, statute, or case that supports counsel's position.

**Electronic discovery:**  In cases involving disputes over extensive electronic discovery counsel for both sides shall review the court's [Model] Order Regarding E-Discovery in Patent Cases before contacting the Hotline or filing motions to compel or to quash.  The order can be modified for use in any case in which electronic discovery is an issue, and any ruling of the court on conduct of electronic discovery will likely be based, at least in part, on that model order.  *See* ED Texas Website under Quick Links / Forms / Patent Forms / Order Regarding E-Discovery in Patent Cases.

## FAILURE TO SERVE

Any defendant who has not been served with the summons and complaint within ninety days after the filing of the complaint shall be dismissed, **without further notice**, unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made. *See* FED. R. CIV. P. 4(m).

## FICTITIOUS PARTIES

The name of every party shall be set out in the complaint.  *See* FED. R. CIV. P. 10(a).  The use of fictitious names is disfavored by federal courts.  *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869 (7th Cir. 1997).  It is hereby **ORDERED** that this action be **DISMISSED** as to all fictitious

parties.  Dismissal is without prejudice to the right of any party to take advantage of the provisions of Federal Rule of Civil Procedure 15(c).

## SETTLEMENT

Plaintiff's counsel shall immediately notify the court upon settlement.

## COMPLIANCE

Attorneys and pro se litigants who appear in this court must comply with the deadlines set forth in the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas and this order.  **A party is not excused from the requirements of a Rule or scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this Order or the rules**.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both.  Counsel are reminded of Local Rule AT-3, particularly AT-3(I) & (J).

SIGNED this 1st day of July, 2020.

_____
Zack Hawthorn
United States Magistrate Judge

## APPENDIX 1

### PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the date indicated.[3] The dates indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes.

| | |
|---|---|
| _____<br>(1 week after mgmt conf.) | Deadline for motions to transfer |
| _____<br>(6 weeks after mgmt conf.) | Deadline to add parties |
| _____ | If parties plan to mediate, state date parties propose. This should be as early as possible, to avoid expense. |
| _____<br>(10 weeks after mgmt conf.) | Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| _____<br>(12 weeks after mgmt conf.) | Deadline for Plaintiffs to file amended pleadings. A motion for leave to amend is not necessary. |
| _____<br>(16 weeks after mgmt conf.) | Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b) |
| 7 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. The court will not accept objections to experts filed in any form—i.e., motions in limine—after this date.[4] |

---

[3] If deadline falls on a Saturday, Sunday, or a legal holiday as defined in Federal Rule of Civil Procedure 6, the effective date is the first federal court business day following the deadline imposed.

[4] This requirement has two goals: (1) to encourage early disclosure of experts so that if one is struck, the party will have time to find another; and (2) to avoid the gamesmanship that has become common as parties attempt to disqualify experts with a motion in limine thus distracting opponents during final trial preparations and perhaps even blocking testimony required to establish a claim or defense.

Expert reports should include the categories of information set out in Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(vi) and 26(a)(2)(C)(i)-(ii). Challenges to expert reports include those set out in Federal Rule of Evidence 702(a)-(d) and 703.

_____
(14 weeks after mgmt conf.)

Deadline for Defendant's final amended pleadings. A motion for leave to amend is not necessary.

_____
(18 weeks after mgmt conf.)

Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions.

_____
(28 weeks after mgmt conf.)

All discovery shall be commenced in time to be completed by this date.

_____
(9 weeks before docket call)

Notice of intent to offer certified records

_____
(8 weeks before docket call)

Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases).

To avoid the cost of designating deposition extracts and objecting to same, counsel shall discuss witnesses who have to be presented by deposition.  Counsel should agree on a list of witnesses whom each counsel will subpoena, or if beyond the subpoena range (*see* Federal Rule of Civil Procedure 45), whom each counsel will arrange to have present at trial.

_____
(6 weeks before docket call)

Motions in limine due.
Deadline to file Joint Final Pretrial Order. (Obtain form for Exhibit List from Eastern District's website.)

_____
(5 weeks before docket call)

Response to motions in limine due.[5]

---

[5] To save time and space, respond only to items objected to.  All others will be considered to be agreed.  Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response.  The parties shall notify the court of all issues which are resolved.

File Proposed Jury Instructions/Verdict Form (or Proposed Findings of Fact and Conclusions of Law).

_____
(4 weeks before docket call)

For witnesses who are not going to be called live, oral and video deposition designations due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting line and page numbers to be offered. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the court.[6] The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations, and the court's rulings on objections.  (Designations are not to be made for witnesses who will appear live, nor for impeachment on cross-examination.)

_____
(2 weeks before docket call)

File unresolved objections to oral and video deposition extracts.

Date will be set by court. Usually within 10 days prior to docket call.

If numerous motions are pending, the court may set a hearing to consider all pending motions and objections.

**July 12, 2021**

Docket call and Final Pretrial at 10:00 a.m. in Courtroom #4 in Beaumont, Texas before Judge Hawthorn.  Date parties should be prepared to try case.  Provide court with two copies of Exhibit list, using form from District Clerks Office.  Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order.

**August 9, 2021**

10:00 a.m.  Jury selection and trial in Lufkin, Texas before Judge Clark.  Case will then be tried in order with other cases on the docket. Depending on disposition of other cases on court's docket, jury selection may be the following week.  About a month before docket call, counsel may wish to consult with counsel for the other cases on the docket to determine whether their cases are likely to settle.

---

[6] Opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling.  The court needs a copy of the pertinent deposition to rule on any objection.

**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RODNEY MAHAN, JOHN H. HENLEY, | § | |
| III, JOEL BARTON, JR., JOHN | § | CASE NO. 9:20-CV-119 |
| RIGGINS, AND JUSTIN SIKES | § | |
| | § | JUDGE RON CLARK |
| *Plaintiffs,* | § | |
| | § | MAGISTRATE JUDGE |
| v. | § | ZACK HAWTHORN |
| | § | |
| THE TEXAS DEPARTMENT OF | § | |
| PUBLIC SAFETY, STEVEN MCCRAW, | § | |
| AND STEVEN MACH, | § | |
| | § | |
| *Defendants.* | § | |

## <u>ALTERNATE ORDER GOVERNING PROCEEDINGS</u>
(This order should be used only if **all** parties consent to proceed before the undersigned.)

Having been informed by the clerk that at least one defendant in this case has appeared by filing an answer or otherwise, the court hereby directs the parties to confer as required by FED. R. CIV. P. 26(f) no later than **July 20, 2020.**

The parties shall discuss items set forth in Rule 26(f), and attempt in good faith to agree on deadlines for a proposed discovery plan. They shall file with the clerk of court a joint written report outlining their proposals no later than **July 29, 2020.**

The case is **SET** for a Rule 16 management conference before the undersigned on **<u>August 17, 2020 at 10:15 a.m.</u>** in Courtroom No. 4, Jack Brooks Federal Building, 300 Willow Street, Beaumont, Texas.

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v) (effective December 1, 2015), **before moving for any order relating to discovery**, the movant must first request a conference with the court.

The parties must include the following matters in the joint conference report:

1.      A factual and legal description of the case which also sets forth the elements of each cause of action and each defense;

2.      The date the Rule 26(f) conference was held, the names of those persons who were in attendance and the parties they represented;

3.      A list of any cases that are related to this case and that are pending in any state or federal court with the case numbers and court;

4.      An agreed discovery/case management plan, if agreement can be reached, which will be used by the court to prepare a Scheduling Order (use the sample "Proposed Scheduling Order," which is enclosed and includes suggested deadlines);

5.      Whether a jury demand has been made; and

6.      Whether the parties request a conference with the court pursuant to FED. R. CIV. P. 16(b) before entry of the Scheduling Order.

The joint conference report should be signed by counsel for each party and by any unrepresented parties.  All parties should keep in mind that failure to participate fully in the Rule 26(f) conference or to submit the joint conference report may result in the imposition of sanctions authorized by FED. R. CIV. P. 16(f).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RODNEY MAHAN, JOHN H. HENLEY, | § | |
| III, JOEL BARTON, JR., JOHN | § | CASE NO. 9:20-CV-119 |
| RIGGINS, AND JUSTIN SIKES | § | |
| | § | JUDGE RON CLARK |
| *Plaintiffs,* | § | |
| | § | MAGISTRATE JUDGE |
| v. | § | ZACK HAWTHORN |
| | § | |
| THE TEXAS DEPARTMENT OF | § | |
| PUBLIC SAFETY, STEVEN MCCRAW, | § | |
| AND STEVEN MACH, | § | |
| | § | |
| *Defendants.* | § | |

## ALTERNATE PROPOSED SCHEDULING ORDER

(This template should be used only if **all** parties consent to proceed before the undersigned.)

This scheduling order shall be followed.  All communications concerning the case shall be directed in writing to the Law Clerk for this case at 300 Willow Street, Suite 234, Beaumont, TX 77701.  For urgent matters, the Law Clerk may be contacted at (409) 654-2815.

1.  _____  NEW PARTIES shall be joined by this date.  (A motion for leave to amend is required when adding a party that destroys the Court's jurisdiction).

2.  _____  PLAINTIFF shall designate EXPERT WITNESSES in writing and provide expert reports by this date.

3.  _____  The pleadings shall be AMENDED, without leave of court, by this date.

4.  _____  DEFENDANT shall designate EXPERT WITNESSES in writing and provide expert reports by this date.

5.  _____  DISCOVERY shall be completed by this date.

6.  _____  MOTION CUT-OFF.  Aside from motions in limine, no motion, including motions to exclude or limit expert testimony, shall be filed after this date except for good cause shown.  Without leave of court, a party may file only one summary judgment motion. **(This date must be at least 2 weeks after discovery completion date.)**

7.          The JOINT PRETRIAL ORDER, including motions in limine and a proposed charge or proposed findings of fact and conclusions of law, shall be filed and proposed trial exhibits shall be exchanged on or before this date.  (See Appendix D of the Local Rules for the form to be followed).  **(This date must be at least 12 weeks after the motion cut-off deadline.)**

8.          OBJECTIONS TO proposed exhibits, witnesses, and deposition excerpts, as well as responses to motions in limine, shall be filed by this date.  **(This date must be no more than 1 week after the Joint Pretrial Order is due.)**

9.          FINAL PRETRIAL CONFERENCE at 11:00 a.m. before Hon. Zack Hawthorn, Courtroom No. 102, Ward R. Burke United States Courthouse, 104 North Third Street, Lufkin, Texas.  The parties should be prepared to try the case on this date.  **(This date must be a Monday at least 2 weeks after the Joint Pretrial Order is due.**)

10.         JURY SELECTION at 1:30 p.m. before Hon. Zack Hawthorn, Courtroom No. 102, Ward R. Burke United States Courthouse, 104 North Third Street, Lufkin, Texas. **(Same date as the Final Pretrial Conference.)**

11.         TRIAL at 9:00 a.m. before Hon. Zack Hawthorn, Courtroom No. 102, Ward R. Burke United States Courthouse, 104 North Third Street, Lufkin, Texas.   **(The day after the Final Pretrial Conference and Jury Selection.)**

12.         Estimated time to try before a jury **or** the court.  **(Choose one.)**