In the United States District Court
for the Eastern District of Texas
Lufkin Division

Rodney Mahan, John Henley, III,
Joel Barton, Jr., John Riggins,
and Justin Sikes                         §
     Plaintiffs                        §
                                         §
v.                                       §     Civil Action No. 9:20-cv-00119
                                         §
The Texas Department of Public Safety,   §
Steven McCraw, and Steven Mach           §
     Defendants.                       §     Jury

## **Defendants' Motion for Summary Judgment with Brief in Support**

Defendants the Texas Department of Public Safety (DPS), Steven McCraw, Director of the DPS, and Steven Mach, Chairman of the Texas Public Safety Commission (collectively Defendants) file this Motion for Summary Judgment with Brief in Support. Defendants request that this Court grant summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56(b) because there are no genuine issues of material fact, entitling Defendants to judgment as a matter of law. Defendants move for summary judgment on all issues.

# TABLE OF CONTENTS

Table of Authorities ......................................................................................................... iii

Statement of the Case.........................................................................................................1

Motion for Summary Judgment .........................................................................................2

Statement of Undisputed Material Facts............................................................................2

Issues of Law .....................................................................................................................3

Standard for Summary Judgment.......................................................................................3

Brief in Support..................................................................................................................4

    A. The Plaintiffs' claims brought pursuant to the Texas Whistleblower Act must be dismissed because they did not fulfill the procedural prerequisites to filing suit, nor have they established all substantive elements of their claim ...........................................................4

        1. Plaintiffs failed to satisfy the Act's mandatory procedural requirements prior to filing suit depriving this Court of jurisdiction to hear their claims........................5

            i. With the exception of Riggins, Plaintiffs failed to initiate the applicable grievance procedure .................................................................................5

            ii. Although Riggins initiated the DPS's grievance procedure, he failed to file suit within the statutory limitations.............................................................6

        2. Even if the Court finds Plaintiffs have satisfied the procedural prerequisites, Plaintiffs cannot meet the Act's substantive elements because they have not alleged an adverse personnel action .................................................................................8

    B. Plaintiffs cannot maintain a claim of constitutional dimension against McCraw and Mach entitling them to injunctive or declaratory relief ...........................................................11

        1. Claims for prospective relief brought by Mahan and Barton are moot ............... 12

        2. Plaintiffs did not suffer a deprivation of a constitutional right............................ 13

        3. Even if the Court finds a constitutional deprivation occurred, Plaintiffs failed to show that the complained of policy was the cause ............................................ 15

Conclusion .......................................................................................................................16

Notice of Electronic Filing...............................................................................................18

Certificate of Service .......................................................................................................18

# TABLE OF AUTHORITIES

## Federal Cases

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986).................................................................................... 4, 16

*Battle v. Bd. of Regents*,
  468 F.3d 755 (11th Cir.2006) ................................................................... 14

*Borough of Duryea, Pa. v. Guarnieri*,
  564 U.S. 379 (2011) .................................................................................. 13

*C.F. Dahlberg & Co., Inc. v. Chevron U.S.A., Inc.*,
  836 F.2d 915 (5th Cir. 1988) ...................................................................... 4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986).................................................................................... 3

*Conticommodity Services, Inc. v. Ragan*,
  63 F.3d 438 (5th Cir. 1995) ......................................................................... 4

*Davis v. McKinney*,
  518 F.3d 304 (5th Cir. 2008) .................................................................... 14

*Ex parte Young*,
  209 U.S. 123 (1908).................................................................................. 12

*Foraker v. Chaffinch*,
  501 F.3d 231 (3d Cir.2007)....................................................................... 14

*Garcetti v. Ceballos*,
  547 U.S. 410, (2006)........................................................................... 13, 14

*Gibson v. Kilpatrick*,
  773 F. 3d 661 (5th Cir. 2014) ................................................................... 14

*Grandstaff v. City of Borger*,
  767 F.2d 161 (5th Cir.1985) ..................................................................... 12

*Hole v. Tex. A & M Univ.*,
  No. 04-CV-175 [2009 WL 8173385], 2009 U.S. Dist. LEXIS 123291 at *20 (S.D.Tex. Feb.
  10, 2009) ................................................................................................... 13

*Howell v. Town of Ball*,
  827 F.3d 515 (5th Cir. 2016) .................................................................... 13

*James v. Tex. Collin Cty.*,
  535 F.3d 365 (5th Cir. 2008) .................................................................... 13

*Mantle v. City of Country Club Hills*,
  No. 4:07–CV–55 (CEJ), 2008 WL 3853432 (E.D.Mo. Aug. 15, 2008) ................. 14

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986).................................................................................. 16

*Patterson v. City of Earlington*,
  650 F.Supp.2d 674 (W.D.Ky.2009)........................................................... 14

*Pollock v. Federal Deposit Ins. Corp.*,
  17 F.3d 798 (5th Cir. 1994) ........................................................................ 2

*Reese v. Anderson*,
  926 F.2d 494 (5th Cir. 1991) ...................................................................... 3

*Rocky v. King,*
    900 F.2d 864 (5th Cir. 1990) ........................................................................ 12

*Slaughter v Allstate Ins. Co.,*
    803 F.2d 857 (5th Cir. 1986) .......................................................................... 3

*Speaks v. Trikora Lloyd P.T.,*
    838 F.2d 1436 (5th Cir. 1988) ........................................................................ 4

*Spiegla v. Hull,*
    481 F.3d 961 (7th Cir.2007) .......................................................................... 14

*Tex. Office of Pub. Util. Counsel v. FCC,*
    183 F.3d 393 (5th Cir.1999) .......................................................................... 12

*Thompkins v. Belt,*
    828 F.2d 298 (5th Cir.1987) .................................................................... 12, 15

*Topalian v. Ehrman,*
    954 F.2d 1125 (5th Cir. 1992) ........................................................................ 4

*Ward v. Santa Fe Indep. Sch. Dist.,*
    393 F.3d 599 (5th Cir.2004) .......................................................................... 13

*Will v. Michigan Dept. of State Police,*
    491 U.S. 58 (1989) ........................................................................................ 11

## State Cases

*Barnett v. City of Southside Place,*
    522 S.W.3d 653 (Tex. App.—Houston [1st Dist.] 2017) ................................ 9

*City of Madisonville v. Sims,*
    18-1047, 2020 WL 1898540 (Tex. Apr. 17, 2020) ......................................... 5

*Guillaume v. City of Greenville, Tex.,*
    247 S.W.3d 457 (Tex. App.—Dallas, 2008, no pet.) .................................. 4, 5

*Montgomery County v. Park,*
    246 S.W.3d 610 (Tex. 2007) .................................................................... 10, 11

*Office of Attorney Gen. v. Rodriguez,*
    605 S.W.3d 183 (Tex. 2020) ........................................................................... 9

*Reding v. Lubbock Cty. Hosp. Dist.,*
    No. 07-18-00313-CV, 2020 WL 1294912, 2020 Tex. App. LEXIS 2312, at *3 (Tex. App.—
    Amarillo Mar. 18, 2020, no pet.) ................................................................... 8

*Tex. So. Univ. v. Carter,*
    84 S.W. 3d 787 (Tex.App.—Houston [1st Dist.] 2002, no pet.) ................. 5, 6

*Univ. of Texas-Pan Am. v. De Los Santos,*
    997 S.W. 2d 817 (Tex.App.—Corpus Christi 1999, no pet.) ...................... 5, 6

*UTMB v. Barrett,*
    159 S.W. 3d 631 (Tex. 2005) .......................................................................... 6

*Ward v. Lamar Univ.,*
    484 S.W.3d 440 (Tex. App.—Houston [14th Dist.] 2016, no pet. ............. 9, 10

## Federal Statutes

42 U.S.C. § 1983 ...................................................................................................... 1, 3

## State Statutes

Section 554.002 of the Texas Government Code ........................................................ 4

Section 554.006(d) ........................................................................................................ 7

TEX. GOVT. CODE § 311.034 ...................................................................................... 5

TEX. GOVT. CODE § 554.005 .................................................................................... 5, 7

TEX. GOVT. CODE § 554.006 .................................................................................... 5, 6

TEX. GOVT. CODE § 554.006(a)-(c) ............................................................................ 5

TEX. GOVT. CODE § 554.006(c) .................................................................................. 7

TEX. GOVT. CODE § 554.006(d)(1) .............................................................................. 8

TEX. GOVT. CODE § 554.006(d)(2) .............................................................................. 7

TEX. TRANSP. CODE § 720.002 ................................................................................ 14

## Federal Rules

Federal Rule of Civil Procedure 56(b) ........................................................................ i

Rule 56 of the Federal Rules of Civil Procedure ........................................................ 2

Rule 56(c) .................................................................................................................. 2, 4

# I.
## STATEMENT OF THE CASE

Plaintiffs Mahan, Henley, Barton, Riggins, and Sikes, five Texas Department of Public Safety Troopers, sue Director McCraw and Chairman Mach, in their official capacities, pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief. *See* ECF No. 29 ¶¶ 3, 10-11. Plaintiffs complain they were retaliated against after reporting an alleged unlawful quota system instituted by their supervisor, Sergeant Robert Shugart. *See Id*. They further allege that provisions of the DPS General Policy Manual that are unconstitutional as applied because the provisions prohibit the Plaintiffs from exercising their First Amendment Rights to free speech and to petition for redress.

Specifically, Plaintiffs allege that while Sgt. Shugart was in command of the Center, Texas DPS Duty Station in 2016 and while in command of the Nacogdoches, Texas DPS Duty Station beginning in 2017 he instituted an illegal quota system. *Id*. at ¶¶17, 25. They allege that Sgt. Shugart subjected them to shouting, threats of discipline, and increased scrutiny when Plaintiffs refused to participate in and later reported the quota system. *See generally id*. at ¶¶31–58.

Plaintiffs seek a declaration from this Court averring that the provisions of the DPS Policy Manual are unconstitutional, and they further ask this Court to issue an injunction directing Director McCraw and Chairman Mach to order their employees to adhere to the laws and Constitution of the United States. *Id*. ¶¶ 93–94, 81. Additionally, Plaintiffs sue the DPS pursuant to the Texas Whistleblower Act based on the same facts alleged. *Id*. ¶¶ 1-3. They seek money damages for past and future economic damages and damages for emotional pain and suffering. *Id*. ¶¶ 101.

## II.
## MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule 56(c) provides that summary judgment shall be rendered where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Pollock v. Federal Deposit Ins. Corp.*, 17 F.3d 798, 803 (5th Cir. 1994). In support of their motion, Defendants rely on the following evidence:

| | |
|---|---|
| ***Exhibit A:*** | Relevant portions of the Deposition of Rodney Mahan |
| ***Exhibit B:*** | Relevant portions of the Deposition of John Henley, III |
| ***Exhibit C:*** | Relevant portions of the Deposition of Joel Barton, Jr. |
| ***Exhibit D:*** | Relevant portions of the Deposition of John Riggins |
| ***Exhibit E:*** | Relevant portions of the Deposition of Justin Sikes |
| ***Exhibit F:*** | December 10, 2018 Letter to Riggins concerning conclusion of Lt. Currie's investigation |
| ***Exhibit G:*** | Form DRO-01 chain-of-command review request submitted by Riggins |
| ***Exhibit H:*** | May 7, 2020 Interoffice memo regarding conclusion of OIG investigation |
| ***Exhibit I:*** | DPS General Policy Manual excerpt on available grievance procedures |

## III.
## STATEMENT OF UNDISPUTED MATERIAL FACTS

The following facts are not in dispute or are not reasonably susceptible to dispute:

1.     At all times relevant to Plaintiff' complaint, Sgt. Robert Shugart was employed by the DPS. Sgt. Shugart commanded the Center, Texas DPS Duty Station in 2016 before commanding the Nacogdoches, Texas DPS Duty Station beginning in 2017.

2. At all times relevant to their complaint Troopers Mahan, Henley, Barton, Riggins, and Sikes were employed by the DPS. However, Troopers Mahan and Barton have since retired and are no longer employed by the DPS.

3. Steven McCraw is employed by the DPS as its Director and Colonel.

4. Steven Mach is the appointed Chairman of the Public Safety Commission which oversees the DPS.

5. The DPS is a governmental agency of the State of Texas.

## IV.
## ISSUES OF LAW

1. Whether Plaintiffs' failed to satisfy the procedural prerequisites of the Texas Whistleblower Act prior to filing suit depriving this Court of jurisdiction over such claims.

2. Whether Plaintiffs' failed to carry their burden as to all substantive elements of the Texas Whistleblower Act.

3. Whether Plaintiffs' failed to establish a First Amendment violation entitling them to relief under 42 U.S.C. § 1983.

## V.
## STANDARD FOR SUMMARY JUDGMENT

When petitioning a court for summary judgment the movant need not disprove the non-moving party's claims. Summary judgment is proper whenever the movant demonstrates "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *accord Slaughter v Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir. 1986). Thus, if the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to the plaintiff's case, and on which [the plaintiff], will bear the burden of proof at trial" the defendant is entitled to judgment in his favor. *Celotex*, 477 U.S. at 322; *Reese v. Anderson,* 926 F.2d 494, 498 (5th Cir. 1991).

Further, in a summary judgment proceedings the duty of the court is to make the "threshold inquiry of determining whether there is the need for a trial. Thus, if there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If this inquiry reveals that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," judgment should be entered in his favor. FED. R. CIV. P. 56(c). Disagreement among the parties as to the facts will not prevent summary judgment. *Anderson*, 477 U.S. at 247-48. On the contrary, summary judgment is precluded under Rule 56(c) only when the dispute is genuine and the disputed facts might affect the outcome of the suit. *Id.* at *248*; *Speaks v. Trikora Lloyd P.T.*, 838 F.2d 1436, 1438-39 (5th Cir. 1988).

The party opposing summary judgment cannot establish a genuine issue of material fact by resting on the allegations made in his pleadings. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992) (citing *Anderson*, 477 U.S. at 248); *C.F. Dahlberg & Co., Inc. v. Chevron U.S.A., Inc.*, 836 F.2d 915, 920 (5th Cir. 1988). Instead, he is required to identify specific evidence in the record, and to articulate the precise manner in which that evidence supports his claim. *Conticommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995).

## VI.
## BRIEF IN SUPPORT

**A. The Plaintiffs' claims brought pursuant to the Texas Whistleblower Act must be dismissed because they did not fulfill the procedural prerequisites to filing suit, nor have they established all substantive elements of their claim.**

The Texas Whistleblower Act, as codified in Section 554.002 of the Texas Government Code, prevents a state agency from taking an adverse employment action against a public employee who reported in good faith a violation of law to an appropriate law enforcement authority. *Guillaume v. City of Greenville, Tex.*, 247 S.W.3d 457, 461 (Tex. App.—Dallas, 2008,

no pet.). Additionally, the Act also establishes procedural requirements that must be met before a plaintiff may file suit. A public employee must timely initiate the governmental entity's grievance or appeal procedure before filing suit. TEX. GOVT. CODE § 554.006. And once a violation of the Act occurs or once discovered through reasonable diligence, a plaintiff has just ninety days to file suit. TEX. GOVT. CODE § 554.005. Plaintiffs cannot establish the procedural requirements were met prior to filing suit, nor can they show all substantive elements of their claim.

1. **Plaintiffs failed to satisfy the Act's mandatory procedural requirements prior to filing suit depriving this Court of jurisdiction to hear their claims.**

Before suing under the Act, a public employee must timely initiate his employer's grievance or appeal procedures relating to adverse personnel action. TEX. GOVT. CODE § 554.006(a)-(c). The employee must invoke the applicable grievance procedure not later than the 90th day after the date on which the alleged violation of this chapter occurred or was discovered through reasonable diligence. *Id*. An employee must strictly abide by the procedural limitations set out in the Act to obtain relief. *City of Madisonville v. Sims,* 18-1047, 2020 WL 1898540, at *3 (Tex. Apr. 17, 2020) (citing TEX. GOVT. CODE § 311.034). The statutory prerequisites to filing suit under the Whistleblower Act are mandatory and jurisdictional. *Tex. So. Univ. v. Carter*, 84 S.W. 3d 787, 792 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Univ. of Texas-Pan Am. v. De Los Santos*, 997 S.W. 2d 817, 821 (Tex. App.—Corpus Christi 1999, no pet.).

i. **With the exception of Riggins, Plaintiffs failed to initiate the applicable grievance procedure.**

DPS has two formal procedures which an employee may use to address grievances, either a Chain-of-Command Review or mediation. Ex. I at 3–4. To initiate a Chain-of-Command Review an employee must complete a "Chain-of-Command Review Request Form" (Form DRO-01) within ten calendar days of the event giving rise to the grievance. *Id*. at 3. The employee must

forward a copy of Form DRO-01 to the Dispute Resolution Office and provide the original to the lowest and most appropriate level in the chain of command with whom the employee wishes to meet. *Id*. To initiate mediate the employee must submit a completed "Mediation Request Form" (Form DRO-02) to the Dispute Resolution Office, which then determines if mediation is appropriate. *Id*. at 4.

While the law does not require exhaustion before a suit can be filed, a plaintiff must at least initiate his employing governmental entity's grievance procedure. TEX. GOVT. CODE § 554.006; *UTMB v. Barrett*, 159 S.W. 3d 631, 632–33 (Tex. 2005). Here, all but Plaintiff Riggins failed to initiate either available grievance procedure. Plaintiffs Barton, Henley, Mahan, and Sikes all testified in depositions that they never completed Form DRO-01 or Form DRO-02 requesting either a chain-of-command review or mediation. Ex. C – Barton's Deposition at 3–4 (6:17–7:13); Ex. B – Henley's Deposition at 4 (10:1–10:10); Ex. A – Mahan's Deposition at 13–14 (29:20–30:1); Ex. E – Sikes' Deposition at 6 (10:14–10:19). Regarding Riggins, he submitted a Form DRO-01 requesting a chain-of-command review. *See* Ex. G. However, as explained below, he did not file suit within the applicable statute of limitations despite initiating the grievance procedure. Because Plaintiffs Barton, Henley, Mahan, and Sikes did not complete the statutory prerequisite to filing suit this Court lacks jurisdiction to hear their claims. *Tex. So. Univ. v. Carter*, 84 S.W.3d 787, 792 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Univ. of Texas-Pan Am. v. De Los Santos*, 997 S.W.2d 817, 821 (Tex. App.—Corpus Christi 1999, no pet.) (holding that the Act's statutory prerequisites to filing suit are mandatory and jurisdictional).

### ii. Although Riggins initiated the DPS's grievance procedure, he failed to file suit within the statutory limitations.

On September 21, 2018, Plaintiff Riggins submitted a Form DRO-01 requesting a chain-of-command review. Ex. G at 3. On September 28, 2018, Riggins had a First Level Meeting with

Major Terry Truett. *Id*. at 6. As a result of the meeting, Major Truett assigned the case to an out-of-district lieutenant to conduct an investigation into the allegations. *Id*. at 7. Lieutenant Carl Currie was assigned as the out-of-district lieutenant to investigate Riggins complaint. Ex. F at 2. On October 17, 2018, Riggins called the Dispute Resolution Office and stated he was happy with the investigation taking place and that he gave his permission to close the chain-of-command review. Ex. G at 2. A letter was issued to Riggins dated December 10, 2018 by Major Truett detailing the conclusions of investigations into the complaint. *See* Ex. F.

Section 554.006(d) requires that if a final decision is not rendered before the 61st day after the grievance procedure is initiated, then the employee may elect to: (1) exhaust the procedure, in which case the employee must sue no later than the 30th day after the date the grievance procedure is exhausted; or (2) terminate procedures, in which case the employee must sue within the time remaining under § 554.005. TEX. GOVT. CODE § 554.006(d). Section 554.005 states that a public employee who seeks relief under the Act must sue not later than the 90th day after the date on which the alleged violation occurred. Under either calculation, Riggins was outside the statutory limitations.

Riggins stated on his Form DRO-01 that the date of last incident was September 12, 2018 – nine days prior to filing the form. Ex. G at 3. The 90-day statute of limitations was tolled while Riggins pursued the chain-of-command review. TEX. GOVT. CODE § 554.006(c). If the October 17, 2018 call in which Riggins granted permission to close the chain-of-command review served to terminate the grievance procedure, Riggins was required to file suit within the remaining 81 days of the statute of limitations (90 days less the 9 days between the latest incident and Riggins submitting Form DRO-01). TEX. GOVT. CODE § 554.006(d)(2). Riggins must have instituted suit no later than January 7, 2019. This suit was filed May 26, 2020. *See* ECF No. 1. Even if this

Court determines that Riggins exhausted the grievance procedure by waiting to receive the conclusion of Lt. Currie's investigation, Riggins was required to file suit by the 30th day after the procedure is exhausted. TEX. GOVT. CODE § 554.006(d)(1). The letter detailing the investigations conclusions was dated December 10, 2018. Ex. F at 2. Riggins must have instituted suit no later than January 9, 2019. Again, this suit was filed May 26, 2020, well beyond the statutory limitations.

This Court lacks jurisdiction to hear Plaintiffs' claims pursuant to the Act because Barton, Henley, Mahan, and Sikes wholly failed to initiate the DPS's grievance procedures and because Riggins did not timely file suit after the conclusion of his grievance. Having failed to meet the procedural requirements of the Act, the Court need not determine whether Plaintiffs have met the substantive elements. This Court must dismiss claims against Defendants pursuant to the Texas Whistleblower Act for lack of jurisdiction.

### 2. Even if the Court finds Plaintiffs have satisfied the procedural prerequisites, Plaintiffs cannot meet the Act's substantive elements because they have not alleged an adverse personnel action.

Should the Court find Plaintiffs have met the Act's mandatory prerequisites, Plaintiffs still fall short of establishing a claim under the Texas Whistleblower Act. To state a claim for relief under the Act, Plaintiffs must establish (1) that they were public employees, (2) that each reported a violation of law in good faith, (3) that the violation of law reported was committed by the Plaintiffs' employing governmental entity or another public employee, (4) that the report was made to an appropriate law enforcement authority, and (5) that their employing governmental entity took an adverse personnel action against them because of the report. *Reding v. Lubbock Cty. Hosp. Dist.*, No. 07-18-00313-CV, 2020 WL 1294912, at *1-2, 2020 Tex. App. LEXIS 2312, at *3 (Tex. App.—Amarillo Mar. 18, 2020, no pet.) (mem. op.).

The Whistleblower Act does not afford unlimited protection from adverse personnel actions. *Office of Attorney Gen. v. Rodriguez*, 605 S.W.3d 183, 192 (Tex. 2020), reh'g denied (Aug. 28, 2020). A plaintiff must show that a reasonable employee would have found the challenged action materially adverse. *Barnett v. City of Southside Place*, 522 S.W.3d 653, 659 (Tex. App.—Houston [1st Dist.] 2017), judgment vacated, appeal dismissed on the parties unopposed motion to dismiss, 01-16-00026-CV, 2017 WL 2871785 (Tex. App.—Houston [1st Dist.] July 6, 2017, no pet.). Nonexclusive factors to consider in determining materiality of an allegedly adverse personnel action include whether the action negatively affected the employee's (1) prestige, (2) opportunity for advancement, (3) working conditions, (4) pay or income, or (5) ability to obtain outside employment; the presence or absence of any of these factors is not dispositive. *Ward v. Lamar Univ.*, 484 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Here, Plaintiffs assert that several events constituted adverse personnel actions. They allege: Sikes was denied an office in a school near his home [ECF No. 29 at ¶53]; that Barton was effectively denied a promotion [*Id*. at ¶34] and that he was scheduled for less desirable shifts [*Id*. at ¶51]; that Riggins and Mahan were temporarily transferred to a duty station further away from their respective homes [*Id*. at ¶44]; that Henley was scheduled for less desirable shifts [*Id*. at ¶51]; and that several of them were harassed by Sgt. Shugart [*Id*. at ¶¶38, 52].

Despite their allegations, each testified at their depositions that none were terminated, none were suspended, none were ever demoted, none had their compensation cut, and none received a disciplinary action. Ex. A – Mahan's Deposition at 4, 6–7 (8:11–8:21, 12:15–13:2); Ex. B – Henley's Deposition at 3, 5–6 (6:8–6:19, 16:8–6:19, 16:24–17:4); Ex. C – Barton's Deposition at 3, 5, 7–8 (6:10–6:16, 10:11–10:15, 25:25–26:14); Ex. D – Riggins' Deposition at 4–5, 6 (8:18–9:4, 10:4–10:12); Ex. E – Sikes' Deposition at 3–4, 5 (5:20–6:11, 7:1–7:13). To the extent

Plaintiffs complain that they were harassed with threats of disciplinary actions, transfers, or demotions, unfulfilled threats do not constitute adverse employment decisions actionable under the Act. *Ward*, 484 S.W.3d at 449.

Plaintiffs might assert that by transferring Mahan and Riggins to duty stations further from their home their working conditions were negatively impacted. However, Riggins testified that during their commute from home to the more distant duty station they were in uniform, in DPS vehicles, and considered on the clock. Ex. D at 4 (8:6-8:17). In other words, the longer drive was part their shift (rather than in addition to) which allowed them to continue to conduct their job responsibilities during their commute. Further, the transfer did not change their title or prestige within the DPS, it did not impact their opportunity for advancement, and it did not change their pay.

Similarly, the Plaintiffs' complaints concerning undesirable shifts do not amount to adverse personnel actions. There was no negative change in working conditions because being scheduled for late-night shifts is not a punishment, every trooper is expected to take their share of these shifts. As Barton testified, "…granted, I guess everybody had to work their round of them." Ex. C at 6 (14:17–14:19). Plaintiffs do not allege these shifts impacted their title or status within the DPS, nor do they allege the shifts impacted their pay or opportunity for advancement. Additionally, Plaintiffs' complaint that Sikes' loss of preferential office location at a nearby school does not rise to an adverse employment action. *See Montgomery County v. Park*, 246 S.W.3d 610, 615–16 (Tex. 2007) (finding that a loss of the employee's first choice of jobs would not be likely to deter a similarly situated, reasonable employee from reporting a violation of the law, and was thus not materially adverse).

Despite the pleadings, the competent summary judgment evidence demonstrates that none of the allegations were materially adverse. Because Plaintiffs failed to establish an essential element of their cause of action under the Texas Whistleblower Act, their claims must be dismissed.

**B. Plaintiffs cannot maintain a claim of constitutional dimension against McCraw and Mach entitling them to injunctive or declaratory relief.**

Plaintiffs sue Defendants Mach and McCraw in their official capacities for alleged ongoing violations of their First Amendment rights to free speech and petition for redress. ECF No. 29 at ¶¶79–80. They seek a permanent injunction ordering Defendants to prohibit their subordinates from retaliating against Plaintiffs for reporting Sgt. Shugart and participating in the Office of the Inspector General's investigation. *Id*. at ¶81. Plaintiffs also seek a declaratory judgment finding that the policy sections 06.30.02.6 and 06.30.02.13 of the DPS General Policy Manual are unconstitutional as applied because it prohibits the Plaintiffs and other DPS employees from exercising their right to free speech and to petition for redress. ECF No. 29 at ¶94. The provisions state:

> Any of the major infractions listed as follows may be deemed sufficient cause for the discharge, suspension, demotion, or removal of any member of the Department of Public Safety: …(6) Making public any investigation or proposed movement or business of the Department to any unauthorized person; …(13) Any act on or off duty which reflects discredit to the Department of Public Safety.

Ex. H at 6–7. This policy was presented to Plaintiffs in an interoffice memo dated May 7, 2020 at the conclusion of the OIG's investigation into the allegations raised against Sgt. Shugart. *Id*. at 2.

Generally, the Eleventh Amendment to the U.S. Constitution bars a suit against a state and state official acting in his official capacity unless the state has waived its immunity or Congress has abrogated immunity pursuant to its power under § 5 of the Fourteenth Amendment. *Will v.*

*Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). However, *Ex parte Young* provides a narrow exception to the Eleventh Amendment that allows litigants to seek prospective relief to redress an ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908).

To establish a claim against McCraw and Mach, Plaintiffs must prove that McCraw and Mach promulgated an unconstitutional policy that casually resulted in their injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169–70 (5th Cir.1985), *cert. denied*, 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987). Plaintiffs cannot show they suffered a constitutional deprivation, let alone that the complained of sections of the DPS General Policy Manual caused said deprivation.

### 1. Claims for prospective relief brought by Mahan and Barton are moot.

As a threshold matter, claims for declaratory and injunctive relief pursued by Mahan and Barton must be dismissed as moot. "The mootness doctrine requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). A case becomes moot if: "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Tex. Office of Pub. Util. Counsel v. FCC*, 183 F.3d 393, 413–14 (5th Cir.1999).

Plaintiffs Mahan and Barton have retired from the DPS. *Id.* at ¶¶77–78. As such, Mahan and Barton are no longer under the supervision of the DPS employees they allege took retaliatory action or may take retaliatory actions in the future. They have not presented any evidence, nor made any allegations that retaliation would continue outside the scope of their employment with the DPS. Additionally, they are no longer required to follow and are no longer subject to discipline under the complained of sections of the DPS General Policy Manual. As such they lack a personal

stake in the outcome of the claims for requested prospective declaratory and injunctive relief, therefore, actions brought by Mahan and Barton must be dismissed as moot. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 606 (5th Cir.2004) (finding that where a student is no longer enrolled in the school whose policies he is challenging, there is no case or controversy sufficient to support prospective injunctive relief); *Hole v. Tex. A & M Univ.*, No. 04-CV-175 [2009 WL 8173385 at *6–7], 2009 U.S. Dist. LEXIS 123291 at *20 (S.D. Tex. Feb. 10, 2009) (similarly concluding that where a student is no longer enrolled in the school whose policies he is challenging, there is no case or controversy sufficient to support prospective injunctive relief).

### 2. Plaintiffs did not suffer a deprivation of a constitutional right.

The framework used to govern retaliation claims by public employees under the First Amendment Speech Clause and Petition Clause is the same. *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 398 (2011).To establish they suffered a constitutional deprivation, Plaintiffs must prove: (1) they suffered an adverse employment decision; (2) their speech or petition involved a matter of public concern; (3) their interest in speaking outweighed the governmental defendant's interest in promoting efficiency; and (4) their speech or petition was a substantial and motivating factor in the defendant's conduct. *James v. Tex. Collin Cty.*, 535 F.3d 365, 375–76 (5th Cir. 2008); *Howell v. Town of Ball*, 827 F.3d 515, 522 (5th Cir. 2016).

As outlined above, Plaintiffs cannot show they suffered an adverse employment action. Nor can Plaintiffs show they satisfy the second prong of the analysis. Under *Garcetti*, instead of asking only if the speech at issue was on a matter of public concern, a court must first decide whether the plaintiff was speaking as a citizen disassociated with his public duties, or whether the plaintiff was speaking in furtherance of the duties of his or her public employment. *Garcetti v. Ceballos*, 547 U.S. 410, (2006). Only speech made in one's capacity as a citizen is entitled to First

Amendment protection. *See id*. at 421 ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.").

Here, Plaintiffs were law enforcement officers tasked with ensuring compliance with the laws of Texas. They made reports through their chain of command. The report and statements made related to the Troopers' concerns that their superior had instituted a ticket quota system in violation of the Texas law. *See* TEX. TRANSP. CODE § 720.002. Plaintiffs' statements were made as part of their official duties. When a public employee raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job. *Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008)[1]. Additionally, Plaintiffs made statements to the Office of the Inspector General, a separate division within the DPS designed to investigate potential criminal actions. Those statements were also made as part of Plaintiffs' official duties as they were made to the most appropriate law enforcement authority to carry out the investigation. *Gibson v. Kilpatrick*, 773 F. 3d 661, 670–71 (5th Cir. 2014) (finding that a police chief's report of illegal use of a gas card to a law enforcement agency was made as part of the police chief's job responsibilities)[2]. Because the statements were made as part of their

---

[1] *See also Spiegla v. Hull*, 481 F.3d 961, 966 (7th Cir.2007) (Correction officer's reports to assistant superintendent of the prison in which she worked regarding a possible security lapse which occurred at her assigned position at the main gate was part of her official responsibility as a correction officer to keep the prison secure.); *Battle v. Bd. of Regents*, 468 F.3d 755, 761 (11th Cir.2006) (University employee's internal report which alleged improprieties in her supervisor's handling of federal financial aid funds was made pursuant to her official employment responsibilities as a financial aid counselor.); *Foraker v. Chaffinch*, 501 F.3d 231 (3d Cir.2007) (Instructors at Delaware State Police Firearms Training Unit were acting within their duties as employees by bringing health and safety concerns about the range up the chain of command and to the state auditor.)

[2] *See also Patterson v. City of Earlington*, 650 F.Supp.2d 674, 680–81 (W.D.Ky.2009) (holding that a police chief's report of a mayor's alleged election law violations to state police is not protected because state police were the most appropriate authority to carry out the investigation); *Mantle v. City of Country Club Hills*, No. 4:07–CV–55 (CEJ), 2008 WL 3853432, at *4 (E.D.Mo. Aug. 15, 2008) (holding that a police chief's report of a mayor's criminal conduct to a municipal court judge is not protected because the police chief had no departmental supervisor and the judge was the most appropriate authority to whom he could report).

official duties, any reprimand based on their reports cannot be said to violate Plaintiffs' clearly established constitutional rights.

### 3. Even if the Court finds a constitutional deprivation occurred, Plaintiffs failed to show that the complained of policy was the cause.

Plaintiffs have not provided competent evidence that the alleged retaliation was because of or in furtherance of the provisions. They must show that the policy was "the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Plaintiffs aver the policy was presented to them "in a deliberate effort to silence them." ECF No. 29 at ¶67. However, their own timeline negates that assertion. They allege the policy was presented to them in a memo from Major Terry Truett on May 7, 2020 at the conclusion of the OIG investigation. *Id*. at ¶¶66–67. This was after they had already participated in the investigation, after they made several reports within the DPS' chain of command, and after they had already reached out to other law enforcement agencies. *See* ECF No. 29 at ¶¶37, 42–43.

Further, the policy provides an exclusive list of actions to be taken for a violation of the provisions which included "discharge, suspension, demotion, or removal." Ex. H at 6. As previously mentioned, Plaintiffs testified that none were terminated, demoted, suspended, or removed from their positions at the DPS. Ex. A – Mahan's Deposition at 4, 6–7 (8:11–8:21, 12:15–13:2); Ex. B – Henley's Deposition at 3, 5–6 (6:8–6:19, 16:8–6:19, 16:24–17:4); Ex. C – Barton's Deposition at 3, 5, 7–8 (6:10–6:16, 10:11–10:15, 25:25–26:14); Ex. D – Riggins' Deposition at 4–5, 6 (8:18–9:4, 10:4–10:12); Ex. E – Sikes' Deposition at 3–4, 5 (5:20–6:11, 7:1–7:13). Plaintiffs cannot show the alleged actions were taken against them as a result of these provisions because it is clear from their own testimony that any adverse personnel action permitted by the policy was not taken.

Beyond their bare assertions, Plaintiffs have not shown the policy was a driving force in the alleged retaliation. Plaintiffs cannot discharge their burden with unsubstantiated allegations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Without such a showing, Plaintiffs cannot maintain a claim of constitutional dimension against Mach and McCraw. Plaintiffs' claims against them must be dismissed.

## VII.
## CONCLUSION

**WHEREFORE PREMISES CONSIDERED**, Defendants the Texas Department of Public Safety, Director Steven McCraw, and Chairman Steven Mach pray that this Motion for Summary Judgment be granted and that this case be dismissed with prejudice. Defendants further pray that they be awarded attorney's fees, costs and any other relief which this Court deems is just and proper.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil
Litigation

SHANNA E. MOLINARE
Chief, Law Enforcement Defense Division

*/s/ Seth Byron Dennis*
SETH BYRON DENNIS
Assistant Attorney General
Texas State Bar No. 00790580
seth.dennis@oag.texas.gov

*/s/ Penny Maley*
PENNY MALEY
Assistant Attorney General
Texas State Bar No. 24105159
penny.maley@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax No. (512) 370-9814

**Attorneys for Defendants**

**Notice of Electronic Filing**

I, Seth Byron Dennis, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants' Motion for Summary Judgment with Brief in Support** in accordance with the Electronic Case Files System of the Eastern District of Texas on May 26, 2021.

*/s/ Seth Byron Dennis*
SETH BYRON DENNIS
Assistant Attorney General


**Certificate of Service**

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants' Motion for Summary Judgment with Brief in Support** has been served via the Electronic Case Files System of the Eastern District of Texas on May 26, 2021.

*/s/ Seth Byron Dennis*
SETH BYRON DENNIS
Assistant Attorney General