IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| RODNEY MAHAN, JOHN H. HENLEY, III, JOEL BARTON, JR., JOHN RIGGINS, AND JUSTIN SIKES<br>　　*Plaintiffs*<br><br>V.<br><br>THE TEXAS DEPARTMENT OF PUBLIC SAFETY, STEVEN MCCRAW, AND STEVEN MACH<br>　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 9:20-CV-00119<br>§<br>§<br>§<br>§<br>§<br>§ JURY DEMANDED |

## PLAINTIFFS' MOTIONS IN LIMINE

Before the voir dire examination of the jury panel, Plaintiffs Rodney Mahan, Joel Barton, Jr., and John Riggins make these motions in limine. Plaintiffs seek to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendant injects these matters in this case through a party, an attorney, or a witness, Defendant will cause irreparable harm to Plaintiff that no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiffs will be compelled to move for a mistrial. To avoid prejudice and a possible mistrial, Plaintiffs make these motions in limine.

### A. GROUNDS

Plaintiff asks the Court to prohibit Defendant from offering any of the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter.

1.　Any evidence that Defendant did not produce in discovery. Defendant should not be permitted to present any witness it did not name in its disclosures or answers to interrogatories or any evidence it did not produce in response to any disclosures or requests for production.

**AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

2.   Any evidence, statement, or argument regarding the Plaintiffs' current financial condition or wealth, in particular Plaintiffs' wealth or earnings compared to "people in this area" or "others." This is not meant to prohibit Defendant and its counsel from discussing Plaintiffs' damages such as lost wages.

However, Defendant's counsel should not be permitted to make statements or offer arguments that Plaintiffs are "already wealthy," "are doing better than most," "make more money than many," etc. Such commentary is inflammatory, irrelevant, and is deliberately designed to create an improper bias or prejudice against Plaintiffs in the minds of the jurors or prospective jurors in direct violation of the Court's instructions. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

3.   Any indication of any kind that the Defendant will have to pay any judgment out of state funds or taxpayer funds. Such information is irrelevant and substantially more prejudicial than probative. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

4.   Any argument or suggestion that an award of damages will affect insurance premiums, the price of any goods or services, or the level of taxation. Such information is irrelevant and substantially more prejudicial than probative. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

5.   Any mention, argument, or insinuation by Defendant's counsel that Plaintiffs are trying to "make a profit" or "get rich quick" by filing this suit. Such commentary is inflammatory, irrelevant, and is deliberately designed to create an improper bias or prejudice against Plaintiffs in

the minds of the jurors or prospective jurors in direct violation of the Court's instructions. *See* FED. R. EVID. 401, 402, and 403.

**AGREED: _____      GRANTED: _____      DENIED: _____**

6.     Any attempt to ask Plaintiffs' attorneys to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

**AGREED: _____      GRANTED: _____      DENIED: _____**

7.     Any reference to the fee arrangement between Plaintiff and their counsel, including but not limited to any reference to Plaintiffs' attorneys as "contingency fee lawyers" or "damage suit lawyers," "lawsuit lottery," or any arguments regarding lawsuit abuse or frivolous lawsuits. Such information is irrelevant and substantially more prejudicial than probative. *See* FED. R. EVID. 401, 402, and 403. This is not meant to preclude any party from conducting a comprehensive voir dire regarding potential jurors' attitudes regarding lawsuits and lawsuit abuse.

Moreover, any attorney's fees will be determined by and based on the LODESTAR method.

**AGREED: _____      GRANTED: _____      DENIED: _____**

8.     Any statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the Court rules on the law applicable to this case.

**AGREED: _____      GRANTED: _____      DENIED: _____**

9.     That should the Defendant wish to introduce any photographs or motion picture film into evidence, that the same be tendered to Court and opposing counsel, outside of the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender. In other words,

Defendant should not publish any photographs or motion pictures to the jury unless and until they are ruled admissible by the Court.

**AGREED:** _____        **GRANTED:** _____        **DENIED:** _____

10.     That should the Defendant wish to introduce any previously created charts or summaries into evidence, that the same be tendered to Court and opposing counsel, outside of the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender.  In other words, Defendant should not publish any previously charts or evidence to the jury unless and until they are ruled admissible by the Court.  This does not prohibit Defendant from making a demonstrative while questioning a witness.

**AGREED:** _____        **GRANTED:** _____        **DENIED:** _____

11.     That this Motion has been presented to or ruled upon by the Court.  In this connection, Plaintiff moves that Defendant's counsel be instructed not to suggest to the jury by argument or otherwise that Plaintiff has sought to exclude from proof any matter bearing on the issues in this cause of the rights of the parties to this suit.

**AGREED:** _____        **GRANTED:** _____        **DENIED:** _____

12.     Any argument that a verdict for Plaintiff would negatively affect the Texas Department of Public Safety, make the public less safe, or tarnish the Texas Department of Public Safety's reputation.  Such arguments are irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury.  *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____        **GRANTED:** _____        **DENIED:** _____

13.     Any evidence, statements, or arguments concerning allegations of "prior bad acts" by Plaintiffs or other witnesses.  *See* FED. R. EVID. 404.  If Defendant believes that a "prior bad act"

is admissible under Rule 404(b), then Defendants should approach the bench before eliciting such testimony in front of the jury.  This includes references to allegations that Trooper Barton did not properly account for his time in November 2019; that Trooper Riggins did not properly calibrate his radar or lost his "tuning forks"; and other such allegations and reports.  Such information is irrelevant, substantially more prejudicial than probative of any issue before the jury, and improper character evidence.  *See* FED. R. EVID. 401, 402, 403, and 404.

**AGREED:** _____       **GRANTED:** _____       **DENIED:** _____

14.     Any evidence, statements, or arguments concerning citizen complaints—anonymous or otherwise—about Plaintiffs.  Such information is inadmissible for a plethora of reasons, including (a) its not relevant, (b) it is hearsay, (c) it is improper character evidence, and (d) it is substantially more prejudicial than probative.  *See* FED. R. EVID. 401, 402, 403, 404, 801, and 802.

**AGREED:** _____       **GRANTED:** _____       **DENIED:** _____

15.     Any evidence, statements, or arguments concerning former DPS Trooper Larry Linder's arrest and/or prosecution for unlawful use of force.  DPS may try and argue that Plaintiffs' complaints were motivated by the indictment and prosecution of former DPS Trooper Larry Linder.  Such information is not relevant and is substantially more prejudicial than probative.  *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____       **GRANTED:** _____       **DENIED:** _____

16.     Any expert testimony from a witness who was not identified as a testifying expert in responses to interrogatories or was not timely designated.  *See Alldread v. City of Grenada,* 988 F.2d 1425, 1435-36 (5th Cir. 1993).

**AGREED:** _____       **GRANTED:** _____       **DENIED:** _____

17.     Any comment, reference, suggestion, or statement regarding Plaintiffs' or Plaintiffs' counsels' political affiliations or alleged political affiliations.  Such comments and information are irrelevant and have no bearing on this case.  *See* Fed. R. Evid. 401, 402.

**AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

18.     Any evidence, statement, or argument concerning any witnesses' service in the armed forces aside from basic information such as branch of service, dates of service, and rank.  Any additional information—such as combat experience, awards, etc.—is irrelevant and substantially more prejudicial than probative of any issue to be decided by the jury.  *See* FED. R. EVID. 401, 402, and 403.  Further, this type of testimony constitutes improper bolstering.  *See* FED. R. EVID. 608.

**AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

### B.  CONCLUSION

For these reasons, Plaintiffs Rodney Mahan, Joel Barton, Jr., and John Riggins ask the Court to instruct Defendant and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Defendant and all attorneys to warn and caution each of their witnesses to follow the same instructions.

    Respectfully submitted,

    **FRANKLIN LAW FIRM, PLLC**

    _/s/ Tanner Franklin_____
    **Tanner G.M. Franklin**
    Texas Bar No. 24082506
    tfranklin@tfranklinlawfirm.com
    2528 Highway 103
    Etoile, Texas 75944
    (936) 854-3213 — Telephone

                                              (888) 430-2559 — Fax

**James &Hightower**
**Attorneys at Law**

/s/ *Sean Hightower*_____
**Sean Hightower**
Texas Bar No. 24086497
seanhightower@yahoo.com
115 South St.
Nacogdoches, TX 75961-5539
(936) 560-3300 – Telephone
(936) 560-5600 – Fax
**Attorneys for Plaintiffs**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 17th day of February 2022, I electronically filed the foregoing with the District Clerk using the CM/ECF filing system, which will send notification of such filing to all counsel of record in this matter.

                                               /s/ *Tanner G.M. Franklin*
                                               Tanner G.M. Franklin