**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **RODNEY MAHAN, JOEL BARTON, JR.,** | § | |
| **AND JOHN RIGGINS** | § | |
|     *Plaintiffs* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 9:20-CV-00119** |
| | § | |
| **THE TEXAS DEPARTMENT OF** | § | |
| **PUBLIC SAFETY** | § | |
|     *Defendants* | § | **JURY DEMANDED** |

**PLAINTIFFS' OBJECTION AND TRIAL BRIEF
TO DPS' PROPOSED JURY CHARGE ON CAUSATION**

**TO THE HONORABLE JUDGE MICHAEL J. TRUNCALE:**

**I.**      **The proposed "business judgment" instruction.**

Plaintiffs respectfully object and urge the Court not to include the so-called "business judgment" instruction offered by the Defendant (Doc. No. 55, pg. 12) and listed under the instruction for "Causation". The instruction at issue states:

> "Bear in mind that employers are permitted to make their own subjective employment decisions, even if they may appear to you to be mistaken, unreasonable or unfair. Moreover, a Plaintiff's personal belief that they suffered retaliation is not sufficient to prove retaliation under the Texas Whistleblower Act. In short, you should not second-guess the Defendant's business decision or substitute your judgment for that of the Defendant. Under the law, an employer may take action for a good reason, for a bad reason, or no reason at all, or for a mistaken reason - as long as the employer's decision is not made because of the employee's act of reporting criminal conduct."

First, the instruction at issue strongly puts the finger on the scale for Defendant DPS and is not supported by the law. The wording ***"You should not second-guess the Defendant's business decision or substitute your judgment for that of the Defendant"*** is confusing and

essentially directs the jury *to not question* the reasons offered by Defendant DPS for the adverse personnel actions.[1]  Such an instruction is contrary to law.

Indeed, one of the key, well-recognized factors identified by the Court as constituting circumstantial evidence of retaliation with respect to an adverse employment action is "***evidence that the stated reason for the adverse employment action was false***."  Doc. No. 46, pg. 15 (citing *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69 (Tex. 2000)) (emphasis added); *see Bosque v. Starr Cnty, Tex.*, 630 Fed. Appx. 300, 307 (5th Cir. 2015) (listing evidentiary factors constituting circumstantial evidence of retaliation); *Office of Attorney Gen. v. Rodriguez*, 605 S.W.3d 183, 192 (Tex. 2020), *reh'g denied* (Aug. 28, 2020).[2]  By instructing the jury not to "second guess" DPS' decisions, the Court would be eliminating an established factor recognized by Texas courts to be of circumstantial evidence of retaliation.  *See id*.

Second, this type of language is not in the Fifth Circuit's Pattern Jury Instructions with respect to unlawful retaliation in the context of employment matters such as First Amendment rights, Title VII, ADA, ADEA, FMLA, etc.;[3] nor is there anything remotely like it.  The language goes far beyond the normal jury instructions approved for similar, employment cases by the Fifth Circuit.[4]

---

[1]  "Second guess" is defined according to the Oxford Languages dictionary as "to judge or criticize (someone) with hindsight." *See:*
https://www.google.com/search?q=second+guess+definition&rlz=1C1CHBF_enUS903US903&oq=second+guess+de&aqs=chrome.1.69i57j0i512l8j0i390.6172j0j7&sourceid=chrome&ie=UTF-8

[2]  Other factors constituting circumstantial evidence of retaliation were also noted.  Doc. No. 46, pg. 15.

[3]  *See* Fifth Circuit Pattern Jury Instruction – Civil 10.6 [First Amendment Retaliation—Public Employees] (2020); Fifth Circuit Pattern Jury Instruction – Civil 11.5 [Title VII—Retaliation] (2020); Fifth Circuit Pattern Jury Instruction – Civil 11.11 [ADA—Retaliation] (2020); Fifth Circuit Pattern Jury Instruction – Civil 11.18 [ADEA—Retaliation] (2020); Fifth Circuit Pattern Jury Instruction – Civil 11.21 [FMLA—Retaliation] (2020).

[4]  *Id*.  The pattern jury instructions should be treated as persuasive authority.  *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 246 n.12 (5th Cir. 2013) (citing *United States v. Montford*, 27 F.3d 137, 140 (5th Cir. 1994) ("[O]ne of our own pattern jury instructions certainly should be treated as persuasive authority . . . .")).

Though not in the context of a jury charge, a similar issue was discussed by the Fifth Circuit in *Laxton v. Gap Inc.*, 333 F.3d 572, 585 (5th Cir. 2003), a Title VII case.  The court explained "Gap asserts that Laxton's case amounts to impermissible second-guessing of its business judgment. . . . Were Laxton to assert that Gap *should not* have terminated her for the cumulative effect of her violations, she would be second-guessing its business judgment. But that is not Laxton's argument.  Instead, she brings evidence that Gap *did not* terminate her for that reason.  This argument does not impermissibly challenge Gap's business judgment.  It permissibly challenges Gap's credibility." *Id.*  (citations omitted).

Likewise, in this case, the reasons—and the lack of veracity of the reasons—given by DPS for the adverse employment actions challenge DPS' credibility and constitutes circumstantial evidence why the adverse employment actions were retaliatory.  *See*, *e.g.*, *Zimlich*, 29 S.W.3d at 69 (noting that "evidence that the stated reason for the adverse employment action was false" can be circumstantial evidence of retaliation).

While Plaintiffs move that the entire language at issue be stricken from the proposed jury charge, at it is not necessary and not consistent with the law.  If the Court feels it is necessary to add an instruction of this kind, Plaintiff respectfully urges the Court—at a minimum—not to include **_"You should not second-guess the Defendant's business decision or substitute your judgment for that of the Defendant"_**.[5]

---

[5]  In the recent case of *Nikolova v. Univ. of Tex.*, Case No. 1:19-cv-877 (W.D. Tex. 2022), Judge Pittman submitted a substantially scaled back version of a similar instruction.  Judge Pittman issued the following instruction in this regard:

> You may not return a verdict for Plaintiff Nikolova just because you might disagree with UT Austin's tenure decision or believe it to be harsh or unreasonable.  Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination.  You are further instructed that Dr. Nikolova's mere disagreement with the tenure decision or her subjective belief that she was subjected to sex discrimination alone is not evidence of discrimination.

## II.     DPS' inadequate "but for" causation instruction.

Plaintiffs also object to DPS' insufficient instruction on "but for" causation.  *See* Doc. No. 55, pg. 12.  Aside from the aforementioned "business judgement" instruction, DPS asks that only the following be included in the Charge with respect to causation:

> The Texas Whistleblower Act only prohibits adverse actions that would not have occurred "but for" the employee's report of criminal activity.  Therefore, each Plaintiff must prove that they would not have suffered an adverse personnel action, if any, "but for" their report of criminal activity.

*Id.*

The instruction is insufficient and incorrectly implies that Plaintiffs must prove their report was the sole cause of the adverse employment action.  That is not the law.  Under Texas law, "the Whistleblower Act does not require an employee to prove that his reporting illegal conduct was the sole reason for his employer's adverse actions*." Tex. Dep't of Human Services of State of Tex. v. Hinds*, 904 S.W.2d 629, 634 (Tex. 1995); *accord Rodriguez*, 605 S.W.3d at 192.

Plaintiffs have submitted a more detailed instruction on causation which more accurately reflects Texas law.  *See* Doc. No. 54, pg. 22.  Plaintiffs offer the following:

> Plaintiffs are not required to prove, however, that at the report was the sole or even a substantial reason for the adverse personnel action, Plaintiffs must demonstrate that the action would not have occurred at that time if they did not report the violation.

*Id.*

Notably, Plaintiffs' proposed instruction tracks *Rodriquez* and the Court's summary judgment language almost *verbatim.  Compare id.* with *Rodriquez*, 605 S.W.3d at 192 ("A government employee need not prove that the report was the 'sole' or the 'substantial' reason for

---

Notably, Judge Pittman declined to include the "second guess" language request by the Defendant.  Plaintiffs, however, believe that this submission is still objectionable for the reasons address in this objection and trial brief.

the adverse personnel action, but the employee must prove that the adverse action 'would not have occurred when it did' if the employee had not reported the violation."); Doc. No. 46, pgs. 14-15 ("While the employee need not show that the report was the sole or even a substantial reason for the adverse personnel action, the employee must demonstrate that the action would not have occurred at that time if the employee did not report the violation.") (citing *Rodriguez*, 605 S.W.3d at 192).  Accordingly, the Court should reject DPS' proposed "but-for" instruction and submit Plaintiffs' causation instruction in the Court's Charge.

Dated April 11, 2022                    Respectfully submitted and agreed to by,

**FRANKLIN LAW FIRM, PLLC**

/s/ *Tanner Franklin*
**Tanner G.M. Franklin**
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
2528 Highway 103
Etoile, Texas 75944
(936) 854-3213 — Telephone
(888) 430-2559 — Fax

**LEAD COUNSEL FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April 2022, I electronically filed the foregoing with the District Clerk using the CM/ECF filing system, which will send notification of such filing to all counsel of record in this matter.


/s/ *Tanner G.M. Franklin*
Tanner G.M. Franklin