**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| RODNEY MAHAN, JOEL BARTON, JOHN RIGGINS, | § § § § | CIVIL ACTION NO.  9:20-CV-00119-MJT |
| *Plaintiffs*, | § § § | |
| v. | § § | JUDGE MICHAEL TRUNCALE |
| DEPARTMENT OF PUBLIC SAFETY, DIRECTOR STEVEN MCCRAW, CHAIRMAN STEVEN MACH, | § § § § | |
| *Defendants*. | § § | |

## JURY INSTRUCTIONS AND VERDICT FORM

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

1

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiff or the Defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A state agency and all other persons are equal before the law and must be treated as equals in a court of justice.

## GENERAL INSTRUCTIONS

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Each Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that a Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, unless otherwise instructed, then he may not recover on that claim.

**EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**STIPULATIONS OF FACT**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

**WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case that he or she may have, and the consistency or inconsistency of his or her testimony considered in light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**DEPOSITION TESTIMONY**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter

was present and recorded the testimony. This deposition testimony is entitled to the same consideration as if the witness had been present and had testified from the witness stand in court.

## IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## CONSIDER DAMAGES ONLY IF NECESSARY

If Plaintiffs have proven their claim against Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiffs are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs' damages as an indication in any

way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiffs are entitled to recover money from Defendants.

## COMPENSATORY DAMAGES

If you find that Defendants are liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole—that is, to compensate Plaintiffs for the damage that they have suffered. Compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injury. If Plaintiffs win, they are entitled to compensatory damages for the pain and suffering, and mental anguish that they have suffered because of Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have actually suffered or that Plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove

the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

1. Injury to name or reputation in the past;

2. Mental or emotional pain or anguish suffered in the past;

3. Loss of companionship and society suffered in the past;

4. Inconvenience suffered in the past;

5. Loss of enjoyment of life in the past;

6. Injury to name or reputation Plaintiffs will experience in the future;

7. Mental or emotional pain or anguish Plaintiffs will experience in the future;

8. Loss of companionship and society Plaintiffs will experience in the future;

9. Inconvenience Plaintiffs will experience in the future;

10. Loss of enjoyment of life Plaintiffs will experience in the future; and

11. Other past or future noneconomic losses.


**RETALIATION UNDER THE TEXAS WHISTLEBLOWER ACT**

The Texas Whistleblower Act makes it unlawful for a state or local governmental entity to take an adverse personnel action against a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

To prove a violation of the Texas Whistleblower Act, Plaintiffs Mahan, Barton, and Riggins must prove by a preponderance of the evidence that:

1. Plaintiffs were public employees;
2. Plaintiffs made a good-faith report that his employer or another public employee violated the law;
3. Plaintiffs made the report to the appropriate law-enforcement authority; and
4. Plaintiffs were terminated, suspended, or suffered an adverse personnel action as a result of their report.

Here, the Parties acknowledge that Plaintiffs Mahan, Barton, and Riggins have satisfied the first three elements. Therefore, the sole element for you to determine is whether Plaintiffs Mahan, Barton, and Riggins were terminated, suspended, or suffered an adverse personnel action because of their report.

An "adverse personnel action" is an action that would be likely to dissuade a reasonable, similarly situated worker from making a report under the Texas Whistleblower Act. "Adverse personnel actions" are actions that negatively affect the employee's (1) prestige; (2) opportunities for advancement; (3) difficulty of working conditions; (4) pay or income; (5) the ability to obtain outside employment; (6) promotion; (7) demotion; (8) transfer; (9) work assignment, or (10) performance evaluation. Unfulfilled threats alone are not an "adverse personnel action."

Plaintiffs must show by a preponderance of the evidence that they suffered an adverse personnel action because of their report. Plaintiffs must establish that "but for" their report of perceived illegal activity, there would not be a causal nexus between the report of the illegal activity and the employer's prohibited conduct. However, Plaintiffs are not required to prove that the report was the sole or even a substantial reason for the adverse personnel action, Plaintiffs must demonstrate that the action would not have occurred at that time if they did not report the violation.

## VERDICT FORM

### QUESTION ONE

Was Rodney Mahan's report of a perceived illegal quota system being implemented by

DPS Sergeant Robert Shugart and other violations of DPS policy a cause of his transfer to Houston

County in May 2019?

> The report was a cause of the transfer if it would not have occurred when it did but for the report's being made. Rodney Mahan does not have to prove the report was the sole cause of the transfer to Houston County.

> If you do not believe the reason[s] Defendants have given for the transfer, you may, but are not required to, infer that Defendants would not have transferred Rodney Mahan but for his report.

Answer "Yes" or "No"

**ANSWER:**_____

## QUESTION TWO

Was Plaintiff Rodney Mahan's transfer to Houston County in May 2019 an adverse personnel action?


Answer "Yes" or "No"

**ANSWER:**_____

**QUESTION THREE**

Was Joel Barton, Jr.'s report of a perceived illegal quota system being implemented by

DPS Sergeant Robert Shugart and other violations of DPS policy a cause of Sgt. Shugart's inaction

and/or delay with respect to Plaintiff Joel Barton, Jr.'s promotion request?

> The report was a cause of the promotion inaction or delay if it would not have
> occurred when it did but for the report's being made. Joel Barton, Jr. does not have
> to prove the report was the sole cause of the promotion inaction or delay.

> If you do not believe the reason[s] Defendants have given for the promotion
> inaction or delay, you may, but are not required to, infer that Defendants would not
> have delayed or not acted in promoting Joel Barton, Jr. but for his report.

Answer "Yes" or "No"

**ANSWER:**_____

11

## QUESTION FOUR

Was Sgt. Shugart's inaction and/or delay with respect to Plaintiff Joel Barton, Jr.'s promotion request an adverse personnel action?

Answer "Yes" or "No"

**ANSWER:**_____

**QUESTION FIVE**

Was John Riggins' report of a perceived illegal quota system being implemented by DPS

Sergeant Robert Shugart and other violations of DPS policy a cause of his transfer to Houston

County in May 2019?

> The report was a cause of the transfer if it would not have occurred when it did but for the report's being made. John Riggins does not have to prove the report was the sole cause of the transfer to Houston County.
>
> If you do not believe the reason[s] Defendants have given for the transfer, you may, but are not required to, infer that Defendants would not have transferred John Riggins but for his report.

Answer "Yes" or "No"

**ANSWER:**_____

13

## QUESTION SIX

Was Plaintiff John Riggins' transfer to Houston County in May 2019 an adverse personnel action?

Answer "Yes" or "No"

**ANSWER:**_____

If you answered "Yes" to both Questions One and Two, answer the following question.

Otherwise, do not answer the following question.

**QUESTION SEVEN**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Rodney Mahan for his damages, if any, you have found Defendant the Texas Department of Public Safety caused Plaintiff Rodney Mahan?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer separately in dollars and cents for damages, if any.

1.  Compensatory damages in the past, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

    **ANSWER:** _____

2.  Compensatory damages in the future, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

    **ANSWER:** _____

If you answered "Yes" to both Questions Three and Four, answer the following question.

Otherwise do not answer the following question.

**QUESTION EIGHT**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Joel Barton, Jr. for the damages, if any, you have found Defendant the Texas Department of Public Safety caused Plaintiff Joel Barton, Jr.?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer separately in dollars and cents for damages, if any.

1.  Compensatory damages in the past, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

    **ANSWER:** _____

2.  Compensatory damages in the future, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

    **ANSWER:** _____

If you answered "Yes" to both Questions Five and Six, answer the following question.

Otherwise, do not answer the following question.

### QUESTION NINE

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff John Riggins for the damages, if any, you have found Defendant the Texas Department of Public Safety caused Plaintiff John Riggins?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer separately in dollars and cents for damages, if any.

1. Compensatory damages in the past, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

   **ANSWER:** _____

2. Compensatory damages in the future, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

   **ANSWER:** _____

**DUTY TO DELIBERATE; NOTES**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and  I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SIGNED this 28th day of June, 2022.**

Michael J. Truncale
United States District Judge