FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 2 8 2022

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RODNEY MAHAN, JOEL BARTON, JOHN RIGGINS, | § § § § | |
| | § | CIVIL ACTION NO. 9:20-CV-00119-MJT |
| *Plaintiffs,* | § § § | |
| v. | § § | |
| DEPARTMENT OF PUBLIC SAFETY, DIRECTOR STEVEN MCCRAW, CHAIRMAN STEVEN MACH, | § § § § § § | JUDGE MICHAEL TRUNCALE |
| *Defendants.* | § § | |

## VERDICT FORM

### QUESTION ONE

Was Rodney Mahan's report of a perceived illegal quota system being implemented by DPS Sergeant Robert Shugart and other violations of DPS policy a cause of his transfer to Houston County in May 2019?

> The report was a cause of the transfer if it would not have occurred when it did but for the report's being made. Rodney Mahan does not have to prove the report was the sole cause of the transfer to Houston County.

> If you do not believe the reason[s] Defendants have given for the transfer, you may, but are not required to, infer that Defendants would not have transferred Rodney Mahan but for his report.

Answer "Yes" or "No"

ANSWER: __Yes__

1

## QUESTION TWO

Was Plaintiff Rodney Mahan's transfer to Houston County in May 2019 an adverse personnel action?

Answer "Yes" or "No"

**ANSWER:** Yes

## QUESTION THREE

Was Joel Barton, Jr.'s report of a perceived illegal quota system being implemented by DPS Sergeant Robert Shugart and other violations of DPS policy a cause of Sgt. Shugart's inaction and/or delay with respect to Plaintiff Joel Barton, Jr.'s promotion request?

> The report was a cause of the promotion inaction or delay if it would not have occurred when it did but for the report's being made. Joel Barton, Jr. does not have to prove the report was the sole cause of the promotion inaction or delay.
>
> If you do not believe the reason[s] Defendants have given for the promotion inaction or delay, you may, but are not required to, infer that Defendants would not have delayed or not acted in promoting Joel Barton, Jr. but for his report.

Answer "Yes" or "No"

**ANSWER:** Yes

## QUESTION FOUR

Was Sgt. Shugart's inaction and/or delay with respect to Plaintiff Joel Barton, Jr.'s promotion request an adverse personnel action?

Answer "Yes" or "No"

**ANSWER:** Yes

## QUESTION FIVE

Was John Riggins' report of a perceived illegal quota system being implemented by DPS Sergeant Robert Shugart and other violations of DPS policy a cause of his transfer to Houston County in May 2019?

> The report was a cause of the transfer if it would not have occurred when it did but for the report's being made. John Riggins does not have to prove the report was the sole cause of the transfer to Houston County.
>
> If you do not believe the reason[s] Defendants have given for the transfer, you may, but are not required to, infer that Defendants would not have transferred John Riggins but for his report.

Answer "Yes" or "No"

**ANSWER:** Yes

## QUESTION SIX

Was Plaintiff John Riggins' transfer to Houston County in May 2019 an adverse personnel action?

Answer "Yes" or "No"

**ANSWER:** Yes

If you answered "Yes" to both Questions One and Two, answer the following question. Otherwise, do not answer the following question.

### QUESTION SEVEN

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Rodney Mahan for his damages, if any, you have found Defendant the Texas Department of Public Safety caused Plaintiff Rodney Mahan?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer separately in dollars and cents for damages, if any.

1. Compensatory damages in the past, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

    ANSWER: $400,000

2. Compensatory damages in the future, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

    ANSWER: $100,000

If you answered "Yes" to both Questions Three and Four, answer the following question. Otherwise do not answer the following question.

### QUESTION EIGHT

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Joel Barton, Jr. for the damages, if any, you have found Defendant the Texas Department of Public Safety caused Plaintiff Joel Barton, Jr.?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer separately in dollars and cents for damages, if any.

1. Compensatory damages in the past, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

   ANSWER: $100,000

2. Compensatory damages in the future, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

   ANSWER: $400,000

If you answered "Yes" to both Questions Five and Six, answer the following question. Otherwise, do not answer the following question.

**QUESTION NINE**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff John Riggins for the damages, if any, you have found Defendant the Texas Department of Public Safety caused Plaintiff John Riggins?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer separately in dollars and cents for damages, if any.

1. Compensatory damages in the past, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

    ANSWER: $ 400,000

2. Compensatory damages in the future, which include injury to name, reputation, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, and other noneconomic losses.

    ANSWER: $ 100,000

## CERTIFICATE

We, the jury, have answered the above and foregoing Questions as herein indicated, and herewith return same into Court as our unanimous verdict.

███████████████████████            6-28-2022
PRESIDING JUROR                    DATE