# AFFIDAVIT of TANNER G.M. FRANKLIN

STATE OF TEXAS § 
§ 
COUNTY OF NACOGDOCHES §

BEFORE ME, a notary public in and for the State of Texas, on this day personally appeared Tanner G.M. Franklin, known to me to be the person whose name is subscribed below, who being by me duly sworn, upon oath deposes and says:

"My name is Tanner G.M. Franklin. I am over the age of eighteen, have never been convicted of a felony or crime of moral turpitude, and am fully competent in all respects to make this affidavit. I have personal knowledge of the facts set forth herein and they are true and correct.

I am the lead attorney of record for Rodney Mahan, Joel Barton, Jr., and John Riggins in the case styled *Rodney Mahan, et al. v. The Texas Department of Public Safety, et al.*, Civ. Act. No. 9:20-cv-119 (E.D. Tex.) that was tried to a jury in the Lufkin Division of the United States District Court for the Eastern District of Texas during February 21–28, 2022.

### Background, Training, and Legal Experience

My current resume/CV is attached as Exhibit 1A.

I am the managing member of the Franklin Law Firm, PLLC in Etoile, Nacogdoches County, Texas. I am the sole attorney at Franklin Law Firm, PLLC.

I have been licensed to practice law in Texas since November 2015, and have always been a member in good standing of the State Bar of Texas. I have represented employees and plaintiffs in litigation for almost five years.

I am admitted to practice in all the federal district courts in Texas—Eastern, Southern, Northern, and Western—and have had cases or been associated with cases filed in every district. I am also admitted to the United States Court of Federal Claims.

I graduated for Baylor Law School in May 2015. I graduated *Magna Cum Laude*, served on the Baylor Law Review, was a member of the Order of the Barristers, and won several trial advocacy related awards. I was part of several moot court and mock trial teams that provided me with additional litigation training.

Prior to entering private practice, I was a Term Law Clerk for the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas from August 2015 until August 2017.

---

From August 2017 through April 2020, I worked as an Associate Attorney at the Bernsen Law Firm in Beaumont, Texas. At Bernsen Law Firm, I represented plaintiffs in ordinary personal injury matters, complex personal injury matters, employment matters, and civil rights matters in cases across Texas, but primarily in the Beaumont area, Deep East Texas, and the Houston metropolitan area. My practice was 100% devoted to litigation in both state and federal court.

At the Bernsen Firm, I handled a large docket of over 50 personal injury, employment, and civil rights cases. I was the lead attorney on many of those cases. I took or defended over 30 depositions in those cases and assisted in dozens of other depositions.

I tried two successful personal injury matters to juries in Jefferson County as the sole attorney for the plaintiff. I also served as the second chair attorney to Cade Bernsen in a successful commercial trucking case that was tried to a jury in Jefferson County, Texas. In that case, the jury returned a verdict in excess of $1,400,000.00.

In May of 2020, I moved back to Deep East Texas to open the Franklin Law Firm, PLLC. My firm is based out of Etoile, Texas, which is within 30 miles of the Angelina, Nacogdoches, and San Augustine County Courthouse and the Lufkin Federal Court House. I also wanted to focus my practice more towards the employment and civil rights matters, as opposed to a practice that was primarily focused on personal injury matters.

Since opening Franklin Law Firm, PLLC, over 50% of my practice is devoted to employment law and civil rights matters, almost exclusively in federal court. Around 30% of my practice is devoted to personal injury matters in both state and federal court. The remaining 20% of my practice consists of basic estate planning, small probate matters, and consumer protection matters—*i.e.*, *Deceptive Trade Practices Act* claims, breach of contract claims, and defending people against debt collectors.

At Franklin Law Firm, PLLC, prior to this matter, I have tried three cases to juries in the Eastern District of Texas (two in Lufkin and one in Beaumont); a bench trial in the Lufkin Division of the East District of Texas; and a highly contested case to a jury in a Jasper County Justice Court.

I regularly participate in continuing education, and have delivered papers at seminars, related to employment law and civil litigation in both state and federal court.

Practicing in the employment field is a uniquely complex area of practice as is recognized by the State Bar of Texas. I am also a member of several professional organizations, including the Texas Employment Lawyers Association (TELA) and the Texas Trial Lawyers Association (TTLA), as several local bar associations.

## The Successful Prosecution of this Case

Franklin Law Firm, PLLC, as well as the James and Hightower – Attorneys at Law, contracted with Plaintiffs Mahan, Riggins, and Barton to have a contingency interest in the proceeds of this lawsuit, if any. Franklin Law Firm, PLLC also covered all expenses incurred in the prosecution of this matter.

I served as the lead attorney in this matter. My responsibilities included drafting all pleadings, responding to all motions, directing discovery, reviewing all discovery, handling all necessary conferences, preparation of all the pretrial documents and determining all litigation strategy related decisions. I also, with assistance of Mr. Hightower and Mr. Newman, formulated Plaintiffs' trial strategy.

Mr. Hightower's primary responsibility was client management and communications. Mr. Hightower had been involved in this matter prior to contacting me and suit being filed. Thus, Mr. Hightower had a preexisting rapport and relationship with the clients so it was decided that he would be the lead client point of contact, with the exception of Plaintiff Sikes. Mr. Hightower also reviewed pleadings and response to motions, assisted in reviewing discovery, participated in conferences, and provided input regarding litigation and trial strategy.

After it became apparent that Defendants would or could not agree to resolving this matter, Mr. Hightower and I decided to reach out to Ben J. Newman with Ben Newman Attorney at Law, PLLC to assist with trial preparation and trial of this matter. Those initial conversations began in January 20221. In March 2021, Mr. Newman jumped on board and began helping me with trial preparation and the development of Plaintiffs' trial strategy. Mr. Newman had worked with me on a prior case and I went to law school with him. Based on his experience and my familiarity with his work, I knew that he would be a valuable asset to the team.

Mr. Newman prepared Plaintiffs' Opening Statement; developed the cross examination of Major Terry Truett—a critical cross examination in this case; and helped get Plaintiffs ready to testify. Mr. Newman also helped me with developing a successful trial strategy based on his review of the key exhibits. Mr. Newman also assisted me in preparing for voir dire and Plaintiffs' direct examination testimony.

Originally, when this matter was set for trial in April 2022, the plan was for Mr. Newman to take an active trial role, including delivering Plaintiffs' Opening Statement, cross examining Major Truett, and crossing and direct other witnesses.

Unfortunately, after trial was moved to June 2022, Mr. Newman had family issues arise that prevented his personal attendance at trial. Nonetheless, Mr. Newman's services were invaluable to Plaintiffs' success at trial and saved Mr. Franklin many preparation hours.

Page 3

3

Attorney's fees affidavit of Tanner G.M. Franklin

At trial, I conducted voir dire, gave Plaintiffs' Opening Statements, and presented Plaintiffs' Closing Argument and Rebuttal. I also handled all pre-trial motions, argued all in trial motions, and handled all Jury Charge issues.

Mr. Hightower assisted in all aspects of the trial. Mr. Hightower directed OIG Lt. Ric Lopez—a critical witness in this case; directed State Representative Travis Clardy; and cross-examined Lt. James Brazil—Defendant's only called witnesses. Mr. Hightower was also prepared to cross examine other witnesses on Defendant's Trial Witness List (see Doc. No. 58).

Overall, this matter took over almost five days of trial time. The trial involved 18 witnesses (Doc. Nos. 83 and 85), a large number of exhibits (Doc. Nos. 84 and 86).

## Reasonable Hours Expended

My billing records, which are based on contemporaneous billing records, are attached as Exhibits 1B and 1C. Note, all billing entries for tasks attributable solely to Plaintiffs Sikes and Henley, whose claims were dismissed by the Court on summary judgment, are not included in my billing records.

Exhibit 1B consists of 13 pages. Exhibit 1C consists of 2 pages.

These records were produced by me from contemporaneous billing records that were made in the regular course of business, and it was the regular course of business of Franklin Law Firm, PLLC for an employee or representative of Franklin Law Firm, PLLC with knowledge of the act or event recorded to make the record or to transmit information thereof to be included in such record, and the record was made in a reasonable manner with regard to timeliness.

Exhibit 1B reflects hours expended from the beginning of my involvement in this case through July 25, 2022. Exhibit 1C reflects hours expended from July 25, 2022 through the date listed on this affidavit. My billing records were separated in order to allow Plaintiffs' attorney's fees expert, Timothy B. Garrigan, to review the records and prepare his report.

Exhibit 1B reflects a minimum number of 287.2 hours of necessary legal work in the successful prosecution of this case. Time entries on Exhibit 1B that show a number in parentheses have been reduced to reflect billing judgment. The number in the parenthetical reflects that actual number of hours expended, while the number in the "Quantity" column is the amount of time included in the 287.2.

From the 287.2 hours, I then reduced the total time by 2.5% to reflect additional billing judgment and to account for things like unproductive time, duplicative efforts, and/or non-

attorney work. The 2.5% reduction yields 280 hours.

The issues between the *Texas Whistleblower Act* claims and the First Amendment claims, the claims were largely intertwined. Both claims had substantially the same elements and the evidence was the same for both types of claims. Indeed, virtually all the work performed solely as to the First Amendment claims was in the form of initial research, preparing the complaints, and preparing the responses to Defendants' multiple motions to dismiss (Doc. Nos. 5 and 10) and motion for summary judgment (Doc. No. 35). The claims were so intertwined as to render total segregation of fees impossible.

The overwhelming majority of the work expended in this case by Plaintiffs' counsel centered on whether or not the actions taken against Plaintiffs were "adverse personnel actions," whether those actions were retaliatory, defeating Defendant's false or pretextual explanations, and damages (monetary damages were not available for the First Amendment claims). The claims were dependent on the same set of facts and circumstances and are intertwined to the point of being inseparable.

To account for any work attributable solely to the unsuccessful First Amendment claims, I then reduced that number as follows:

- I spent 12 hours preparing, drafting, and editing Plaintiffs' Original Complaint. I reduced that time by 2 hours to reflect the time spent solely on the First Amendment issues.

- I spent approximately 6 hours preparing, drafting, and editing Plaintiffs' First Amended Complaint. I reduced that time by 4 hours to reflect time spent on the First Amendment issues and Plaintiff's Sikes unsuccessful claim.

- I spent approximately 1.5 hours working on the Rule 26 Report and conducting the Rule 26 Attorney Conference. I reduced that time by .5 hours to reflect time spent related solely to the First Amendment issues.

- I spent approximately 5.5 hours responding to Defendants' Motion to Dismiss. I reduced that time by 2.5 hours to reflect the 1.5 hours segregated to the First Amendment issues and an additional 1 hour for time spent on overlapping issues.

- I spent approximately 17.5 hours responding to Defendant's Motion for Summary Judgment. Most of the Summary Judgment Response was focused on the *Texas Whistleblower Act* claims but did include some time spent on the unsuccessful First Amendment claims. I reduced that time by 5.25 hours (30%) to reflect time spent on First Amendment issues and Plaintiffs Henley and Sikes' unsuccessful claims.

5

Attorney's fees affidavit of Tanner G.M. Franklin

Thus, the total time is reduced by 14.25 hours to reflect work solely attributable to the unsuccessful First Amendment claims. That yields 265.75 hours.

I then reduced my time further by 5 hours attributable solely to work of Sikes' claims and 5 hours attributable solely to work on Henley's claims. Note, I already excluded 3.5 hours of work attributable to work on Sikes' and Henley's claims that was not included in Exhibit 1B. Thus, the hours are reduced by 10 additional hours for a total of 255.75 hours.

Exhibit 1C reflects the time expended since July 25, 2022 and amounts to 20 hours. My billing practices remained the same since July 25, 2022.

Thus, the billing records (Exhibits 1B and 1C) evidence a minimum of 275.75 hours of necessary legal work in the successful prosecution of this case.

## The Reasonable Hourly Rate

This case was complex and required significant attorney's time, effort, and skills. This case also required Mr. Hightower and me to devote a significant amount of time and resources towards this matter, to the exclusion of potential cases.

The time and labor required for this case exceeded the customary amounts of time and labor due to the complex nature of the issues as well as Defendant's aggressive defense of the case. For example, this case involved multiple successful Plaintiffs, required Plaintiffs to overcome two motions to dismiss and a motion for summary judgement. Defendant also presented a vigorous defense at trial.

The case also included an unusually large amount of discovery documents. Defendants produced 3,500 pages of written discovery, including reports, emails, written statements, and other documents. Defendants also produced dozens of hours of audio recordings.

Franklin Law Firm, PLLC is a one attorney firm with one full time paralegal and a part-time Office Manager/Legal Assistant. As such, the firm can only handle a limited number of cases at any one time, this case in particular involved many hours that would have been afforded to other cases.

Franklin Law Firm, PLLC has had a prior relationship with the clients since May 2020, over two years. Franklin Law Firm, PLLC and I have also devoted significant time and resources to this matter over those two years.

Franklin Law Firm, PLLC handles almost all employment and civil rights litigation on a contingency fee basis, including this case. Due to the contingent nature of the contract, there is always uncertainty as to whether any attorney's fee will ever be collected which is

taken into consideration at the time of the signing of the employment contract with client. To date, neither Sean Hightower, Ben Newman nor I nor any of our law firms has received any remuneration from Plaintiffs, nor asked for any. The amount of the fees requested was both reasonably incurred and necessary to the prosecution of the case at bar.

The fee charged in this case is well within the parameters of the customarily charged fee in complex employment and civil rights case in Deep East Texas and is a fair and reasonable fee in this case. *See, e.g., McClain v. Lufkin Indus., Inc.*, 9:97-cv-063 (Doc. 621) at pp. 12–13 (E.D. Tex. Lufkin) ($400/hr. fee in 2009; $530.26 today when adjusted for inflation); *Combs v. City of Huntington, Texas*, No. 9:12-cv-00210 (Doc. 101) at pp. 5–6, Page ID #: 780–81 (E.D. Tex. Lufkin) ($375/hr. fee in 2015; $427.43/hr. today when adjusted for inflation).

The result of the trial is deemed a success due to the fact that Defendant initially refused to mediate this case nor offer any amount in settlement. When Defendant did mediate the case, Defendant offered only a "costs of defense"/nuisance settlement amount.

The aggregate jury award of $1,500,000.00 is considered a great result from any perspective. Further, the Mahan, Barton, and Riggins recovered the maximum number of compensatory damages under the *Texas Whistleblower Act*—$250,000.00 each; $750,000.00 combined.

I respectfully request the Court take judicial notice of the court's file in assessing the fees.

### Lodestar Number

Total hours for Tanner G.M. Franklin:  275.75 x $500.00 per hour = $137,875.00
Total hours for Sean F. Hightower:  258.25 x $400.00 per hour = $103,300.00
Total hours for Benjamin N. Newman:  38.9 x $325.00 per hour = $12,642.50
Total hours for Donna Michelle Rupert:  20 x $150.00 per hour = $3,000.00

I am also familiar with the work performed by attorneys Sean Hightower and Ben Newman. The work legal work performed by Sean Hightower and Ben Newman was necessary to the preparation and prosecution of this case.

To hit the key points, for which more detail is set forth above, Sean Hightower had the initial relationship with the clients, managed the clients for over two years, cross examined OIG Lt. Ric Lopez—most important witness along with Major Terry Truett, and participated throughout all of this litigation and the trial. Ben Newman formulated and drafted Plaintiff's Opening Statement, prepared the cross examination of Major Terry Truett, assisted in preparing the Plaintiffs to testify, and worked closely with me to develop a highly successful trial strategy. The work performed by Sean Hightower and Ben Newman was necessary and the fees charged are reasonable for attorneys of their reputation

and experience in the Eastern District of Texas—Lufkin Division and Deep East Texas.

Donna Michelle Rupert is employed by James and Hightower as an investigator and jury consultant. Ms. Rupert has been a licensed peace officer in the State of Texas since March 23, 2005. As a peace officer, Ms. Rupert had extensive experience in investigating various matters, interviewing witnesses, and working in Deep East Texas, where she has lived her whole life. In her capacity as an investigator and jury consultant, Ms. Rupert routinely investigates claims, research potential jurors, interviews witnesses, and reviews discovery. Ms. Rupert also assists Mr. Hightower in trial preparations and jury selection.

In this case, Ms. Rupert provided invaluable services as a jury consultant and was present for much of the trial to assist the attorneys in keeping track of witnesses and exhibits as well as taking notes for use by the attorneys at later points in the trial.

While Ms. Rupert expended more than 20 hours on this matter, 20 hours represents a fair number of hours to submit in light of business judgment considerations.

Ms. Rupert has also prepared an affidavit that is attached as Exhibit 4 to Plaintiffs' Motion for Reasonable Attorney's Fees, Costs, and Expenses.

The work performed by Ms. Rupert was necessary and the fees charged are reasonable for investigators and consultants of her reputation and experience in the Eastern District of Texas—Lufkin Division and Deep East Texas.

## Appellate Fees

I am not an appellate attorney, and I am currently not admitted to practice before the United States Court of Appeals for the Fifth Circuit. In private practice, however, I have worked on approximately 5 civil appeals, one federal. At Bernsen Law Firm, I also worked directly with two attorneys who regularly handled civil appeals in state and federal.

Since opening Franklin Law Firm, PLLC, I have been involved in one matter that interlocutory appealed. I was successful at the Beaumont Court of Appeals and the matter is currently pending with the Supreme Court of Texas. *See Polk Cnty. Publ'g Co. v. Coleman*, No. 09-20-00298-CV, 2021 WL 6138973, at *1 (Tex. App.—Beaumont Dec. 30, 2021, pet. filed).

While I am not an appellate attorney and do not regularly handle appellate matters, I am generally familiar with the appellate process, drafting appellate briefs, and the time involved in handling civil appeals, particularly reviewing the record and preparing briefing.

In this case, I reached out to and consulted with Morgan McPheeters of McPheeters Law, PLLC. Ms. McPheeters' practice is devoted to civil appeals, and she has substantial

experience handling appeals in state and federal courts.

I have consulted with Ms. McPheeters regarding the likely appellate issues in this case and provided her with multiple key documents in the case, including the summary judgment order, the summary judgment briefing, and other documents.

Ms. McPheeters typically charges $350/hr. for complex appeals such as this. Based on my experience, $350/hr. for an attorney of Ms. McPheeters' experience is reasonable to handle an appeal in a complex case like this.

Based on my own experience preparing appellate briefs and reviewing trial court records in less complex cases, I believe that Ms. McPheeters estimation of attorney work hours are reasonable. Specifically, I concur with Ms. McPheeters that defending this case on appeal at the United States Court of Appeals for the Fifth Circuit would take between 100-170 attorney's hours of work; an addition 50-80 attorney's hours would be necessary to respond to a petition for writ of certiorari to the United States Supreme Court; and a further 100-150 hours of attorney's hours would be needed if the Supreme Court requested full merits briefing and arguments.

Ms. McPheeters has also prepared an affidavit that is attached as Exhibit 5 to Plaintiffs' Motion for Reasonable Attorney's Fees, Costs, and Expenses.

Further affiant sayeth naught."

_____
Tanner G.M. Franklin, Affiant

SUBSCRIBED AND SWORN to before me this 17th day of August 2022, by the said Tanner G.M. Franklin to certify which, witness my hand and official seal of office.



MELANIE ARNOLD
Notary Public, State of Texas
Comm. Expires 01-07-2024
Notary ID 12605726-5

Notary Public, State of Texas

Page 9

9

Attorney's fees affidavit of Tanner G.M. Franklin