**EXHIBIT 2**

# AFFIDAVIT of SEAN F. HIGHTOWER

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NACOGDOCHES | § |

BEFORE ME, a notary public in and for the State of Texas, on this day personally appeared Sean F. Hightower, known to me to be the person whose name is subscribed below, who being by me duly sworn, upon oath deposes and says:

"My name is Sean F. Hightower. I am over the age of eighteen, have never been convicted of a felony or crime of moral turpitude, and am fully competent in all respects to make this affidavit. I have personal knowledge of the facts set forth herein and they are true and correct.

I served as co-counsel for Rodney Mahan, Joel Barton, Jr., and John Riggins in the case styled *Rodney Mahan, et al. v. The Texas Department of Public Safety, et al.*, Civ. Act. No. 9:20-cv-119 (E.D. Tex.) that was tried to a jury in the Lufkin Division of the United States District Court for the Eastern District of Texas during February 21–28, 2022.

### Background, Training, and Legal Experience

My current resume/CV is attached as Exhibit 2A.

I am a partner at James and Hightower—Attorneys at Law in Nacogdoches, Nacogdoches County, Texas. I am one of two attorney at James and Hightower—Attorneys at Law.

I have been licensed to practice law in Texas since May 2014, and have always been a member in good standing of the State Bar of Texas. I have primarily represented criminal defendants in state and federal court.

I am admitted to practice in the United States District Court for the Eastern District of Texas and have handled numerous criminal matters in the Eastern District of Texas. I am also admitted to the United States Court of Appeals for the Fifth Circuit.

I graduated for Texas A&M School of Law in December 2013. I was part of several moot court and debate teams, winning several national championships while in undergrad at Stephen F. Austin State University that provided me with additional training.

From December 2013 to 2015, I was an associate attorney for Tim James in Nacogdoches, Texas, before being named a partner in 2015. At James & Hightower, I represent those accused of criminal acts throughout East Texas. My practice has been virtually 100% devoted to criminal defense in both state and federal court. As a result, my training, experience and business practices mostly involve criminal defense work.

---

At the James & Hightower, I handled a large docket of over 250 criminal cases a year. I was am lead attorney on 99% of those cases. I have defended over 300 ALR hearings, dozens of motions to suppress and other contested motions, dozens of trials, and two appeals since 2013. I have three times been selected as "The Best Lawyer in Nacogdoches," by our local newspaper, *The Daily Sentinel*. I have also been selected as a Super Lawyer, Rising Star, from 2020-present, by *Texas Monthly* magazine.

I regularly participate in continuing education, and have delivered papers at seminars, related to criminal defense in both state and federal court. I routinely present at two or three seminars a year for the Texas Criminal Defense Lawyers Association (TCDLA), and have recently been elected to serve on the Board of the Directors for TCDLA.

I am also a member of several professional organizations in addition to the TCDLA, including Texas DWI Lawyers Association, the National College for DUI Defense Lawyers, as well as several local bar associations. I also serve as the Vice President of the Nacogdoches Memorial Hospital District. When elected I was the youngest person to have been elected in Nacogdoches. In 2020, I was selected as the "Outstanding Young Alumni," by the Stephen F. Austin State University Alumni Association.

### The Successful Prosecution of this Case

Franklin Law Firm, PLLC, as well as the James and Hightower – Attorneys at Law, contracted with Plaintiffs Mahan, Riggins, and Barton to represent them in exchange for a contingent interest in the proceeds of this lawsuit, if any. Franklin Law Firm, PLLC also covered all expenses incurred in the prosecution of this matter.

I served as co-counsel to Mr. Franklin in this matter and acted as "second chair" at trial.

My primary responsibility in this case has been client management and communications. I had been involved in this matter prior to contacting me and suit being filed. Thus, I had a preexisting rapport and relationship with the clients for many years so it was decided that I would be the lead client point of contact, with the exception of Plaintiff Sikes. I meet with OIG Lt. Ric Lopez with two of the Plaintiffs during the OIG investigation of this matter. I also reviewed pleadings and responses to motions, assisted in reviewing discovery, participated in conferences, and provided input regarding litigation and trial strategy.

I assisted in all aspects of the trial. I directed OIG Lt. Ric Lopez—a critical witness in this case; directed State Representative Travis Clardy; and cross-examined Lt. James Brazil—Defendant's only called witnesses. I also prepared to cross examine other witnesses on Defendant's Trial Witness List (see Doc. No. 58).

Overall, this matter took over almost five days of trial time. The trial involved 18 witnesses (Doc. Nos. 83 and 85), a large number of exhibits (Doc. Nos. 84 and 86).

<u>Reasonable Hours Expended</u>

My billing records are attached as Exhibit 2B. Exhibit 2B consists of two pages, reflecting 274.1 hours of my necessary legal work in the successful prosecution of this case expended from the beginning of my involvement in this case in September 2018, through July 25, 2022. This is only a portion of the time I actually and reasonably spent in this case.

I now understand the normal practice for attorneys billing for statutory fees in civil cases includes the systematic use of contemporaneously recorded time-billing records. However, that had not been part of my criminal defense practice. I am therefore limiting my billing to activities that happen to be reflected in other contemporaneously recorded activities such as phone records, notes, and calendar entries, and Attorney Franklin's time records. In other words, my billing records in Exhibit 2B do not reflect all of my efforts in this case, but are limited to my activities reflected in contemporaneous records or notes that were made in the regular course of my, or Attorney Franklin's firms' business that reflect my activities that I am now billing for. It was the regular course of business of our firms for an employee or representative with knowledge of the act or event recorded to make the record or to transmit information thereof to be included in such records. However , as a result of these limitations my billing in this case already omits a large portion, perhaps the majority, of the time I actually and reasonably spent on this case, dramatically understating my time billed.

For instance, my billing records do not reflect a great deal of time I spent communicating with the Plaintiffs, often individually and sometimes in small groups during unscheduled phone calls and drop-in meetings. If meetings or other communications did not result in contemporaneous calendar notations, notes or other contemporaneous record, I have not included them in my billing. For instance, some of my phone calls with plaintiffs were on a cell phone that contemporaneously recorded enough information for me to base my billing on the contemporaneous phone records. Even then, I only included a portion of the call times during a given time period because it is my recollection that a significant portion of the calls were repetitious or simply not productive. My billing records are dramatically understated as a result of this practice as well.

Note also that I have not included any billing for tasks attributable solely to Plaintiffs Sikes and Henley, whose claims were dismissed by the Court on summary judgment. Since this time was not billable, I have not spent the effort to sift through other contemporaneously recorded business records that may have reflected some of those activities.

From the 274.1 hours that are included in Exhibit 2B, I have also reduced the total time by 2.5% to reflect additional billing judgment and to account for any other unproductive time, duplicative efforts, and/or non-attorney work. The 2.5% reduction yields 267.25 hours.

The issues between the *Texas Whistleblower Act* claims and the First Amendment claims, the claims were largely intertwined. Both claims had substantially the same elements and the evidence was the same for both types of claims. The TWA claims were dependent on the same facts and circumstances that we considered relevant to the asserted First Amendment violations and are intertwined to the point of being inseparable. Indeed, virtually all the work performed solely as to the First Amendment claims was in the form of initial research, preparing the complaints, and preparing the responses to Defendants' multiple motions to dismiss (Doc. Nos. 5 and 10) and motion for summary judgment (Doc. No. 35). The claims were so intertwined as to render total segregation of fees impossible.

The overwhelming majority of my work expended in this case centered on evidence that Defendants' policy requiring illegal quotas existed, that the plaintiffs had complained about those policies, and Defendants' treatment of Plaintiffs included retaliatory "adverse personnel actions,", whether Defendants' claimed explanations were false and/or otherwise pretextual, and damages (monetary damages were not available for the First Amendment claims). Much of my time involved communicating with plaintiffs about the initial and evolving difficulties they endured and whether they were consistent with Defendants' normal or legitimate practices from 2018 through trial.

Mr. Franklin took the substance of my communications with the Plaintiffs regarding factual matters to do almost all of the drafting and research; thus, I spent very little time, if any, on the First Amendment claims. To account for any work attributable solely to the unsuccessful First Amendment claims, however, I reduced my attorney's hours by 5 hours.

Accordingly, the total time is reduced by 5 hours to reflect work solely attributable to the unsuccessful First Amendment claims. That yields 262.25 hours.

I then reduced my time further by 4 hours attributable solely to work on Henley's claims. I preformed no independent work on Sikes' claim. Thus, the hours are reduced by 4 additional hours for a further reduced total of 258.25 hours.

### The Reasonable Hourly Rate

This case was complex and required significant attorney's time, effort, and skills. This case also required Mr. Franklin and me to devout a significant amount of time and resources towards this matter, to the exclusion of other potential cases.

Page 4

4

Attorney's fees affidavit of Sean F. Hightower

James and Hightower—Attorneys at Law is a two-attorney firm and my partner is over 80 years old. We have four full time staff, but virtually all of their time is devoted to criminal defense matters. As such, the firm can only handle a limited number of cases at any one time, this case in particular involved many hours that would have been used to advance other paying cases.

James and Hightower—Attorneys at Law has had a relationship with the clients since September 2018, almost 4 years. James and Hightower—Attorneys at Law and I have also devoted significant time and resources to this matter over those two years.

James and Hightower—Attorneys at Law handled this case on contingency fee basis with Mr. Franklin and Franklin Law Firm, PLLC. Due to the contingent nature of the contract, there is always uncertainty as to whether any attorney's fee will ever be collected which is taken into consideration at the time of the signing of the employment contract with client. To date, neither Tanner Franklin, Ben Newman nor I nor any of our law firms has received any remuneration from Plaintiffs, nor asked for any. The amount of the fees requested is both reasonable and was reasonably incurred and necessary to the prosecution of the case at bar.

In my criminal defense practice, I try to set my fixed fees considering the expected amount of time the case will take times $400 per hour. While I understand that may not be exactly how a reasonable fee is normally determined for purposes of a statutory fee award, the fee I seek in this case is well within the parameters of the customarily charged fee in complex employment and civil rights case in Deep East Texas and is a fair and reasonable fee in this case. *See, e.g., McClain v. Lufkin Indus., Inc.*, 9:97-cv-063 (Doc. 621) at pp. 12–13 (E.D. Tex. Lufkin) ($400/hr. fee in 2009; $530.26 today when adjusted for inflation); *Combs v. City of Huntington, Texas*, No. 9:12-cv-00210 (Doc. 101) at pp. 5–6, Page ID #: 780–81 (E.D. Tex. Lufkin) ($375/hr. fee in 2015; $427.43/hr. today when adjusted for inflation).

I also seek compensation for the services of Donna Michelle Rupert, our investigator and jury consultant, at the reasonable rate of $150 per hour. She is uniquely qualified for her responsibilities in this case and the modest amount of time billed for does not reflect her full contributions to the case.

The result of the trial was particularly successful in light of the fact that Defendant initially refused to mediate this case or offer any amount in settlement. When DPS did mediate the case, it offered only a "costs of defense"/nuisance settlement amount. The aggregate jury award of $1,500,000.00 is considered a great result from any perspective. Further, the Mahan, Barton, and Riggins recovered the maximum number of compensatory damages under the *Texas Whistleblower Act*—$250,000.00 each; $750,000.00 combined.

Page 5

5

Attorney's fees affidavit of Sean F. Hightower

I respectfully request the Court take judicial notice of the court's file in assessing the fees.

### Lodestar Numbers

For my firm I request the following lodestar amounts:

Total hours for Sean F. Hightower:  258.25 x $400.00 per hour = $103,300.00
Total hours for Donna Michelle Rupert:  20 x $150.00 per hour = $3,000.00

I am also familiar with the work performed by attorneys Tanner Franklin and Ben Newman. The work legal work performed by Tanner Franklin and Ben Newman was necessary to the preparation and prosecution of this case.

Donna Michele Ruppert is employed by James and Hightower—Attorneys at Law as an investigator and jury consultant. Ms. Ruppert has been a licensed peace officer in the State of Texas since March 23, 2005. As a peace officer, Ms. Ruppert had extensive experience in investigating various matters, interviewing witnesses, and working in Deep East Texas, where she has lived her whole life. Her background as a law enforcement officer was particularly valuable in this case involving Plaintiffs who were also law enforcement officers employed in a law enforcement agency. In her capacity as an investigator and jury consultant, Ms. Ruppert routinely investigates claims, research potential jurors, interviews witnesses, and reviews discovery. Ms. Ruppert also assists me in trial preparations and jury selection.

In this case, Ms. Ruppert provided invaluable services as a jury consultant and was present for much of the trial to assist the attorneys in keeping track of plaintiffs, witnesses and exhibits as well as taking notes for use by the attorneys at later points in the trial.

While Ms. Ruppert expended far more than 20 hours on this matter, 20 hours represents a modest number of hours to submit in light of business judgment considerations.

Ms. Ruppert has also prepared an affidavit that is attached as Exhibit 4 to Plaintiffs' Motion for Reasonable Attorney's Fees, Costs, and Expenses.

The work performed by Ms. Ruppert was necessary and the fees charged are reasonable for investigators and consultants of her reputation and experience in the Eastern District of Texas—Lufkin Division and Deep East Texas.

Further affiant sayeth naught."

_____
Sean F. Hightower, Affiant

SUBSCRIBED AND SWORN to before me this 17th day of August 2022, by the said Sean F. Hightower to certify which, witness my hand and official seal of office.

_____
Notary Public, State of Texas

JOY JUELSON
Notary Public, State of Texas
Comm. Expires 05-25-2024
Notary ID 129002372