**EXHIBIT 3**

# AFFIDAVIT of BENJAMIN J. NEWMAN

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NACOGDOCHES | § |

BEFORE ME, a notary public in and for the State of Texas, on this day personally appeared Benjamin J. Newman, known to me to be the person whose name is subscribed below, who being by me duly sworn, upon oath deposes and says:

"My name is Benjamin J. Newman. I am over the age of eighteen, have never been convicted of a felony or crime of moral turpitude, and am fully competent in all respects to make this affidavit. I have personal knowledge of the facts set forth herein and they are true and correct.

I am additional counsel of record for Rodney Mahan, Joel Barton, Jr., and John Riggins in the case styled *Rodney Mahan, et al. v. The Texas Department of Public Safety, et al.*, Civ. Act. No. 9:20-cv-119 (E.D. Tex.) that was tried to a jury in the Lufkin Division of the United States District Court for the Eastern District of Texas during February 21–28, 2022.

### Background, Training, and Legal Experience

My current resume/CV is attached as Exhibit 3A.

I am the managing member of Ben Newman Attorney at Law, PLLC in Austin, Travis County, Texas. I am the sole attorney at Ben Newman Attorney at Law, PLLC.

I have been licensed to practice law in Texas since November 2016, and have always been a member in good standing of the State Bar of Texas. I have practiced civil litigation—representing plaintiffs and defendants—since my licensure.

I am admitted to practice in the federal district courts for the Eastern, Northern, and Western Districts of Texas. I am also a Life Member of the Million Dollar Advocates Forum and was selected as Super Lawyer – Rising Star in 2022.

I graduated for Baylor Law School in May 2016.

I began my legal career at Peavler and Briscoe, P.C. in Dallas-Fort Worth where I tried several successful jury trials. At Peavler and Briscoe, P.C., I practiced exclusively civil litigation, representing defendants primarily.

In June 2018, I joined the firm of Fee, Smith, Sharp and Vitullo, L.L.P. At Fee Smith, I practiced exclusively civil litigation, representing defendants primarily.

---

In December 2019, I opened Ben Newman Attorney at Law, PLLC as a civil ligation boutique. My current practice is 100% devoted to civil litigation across a broad spectrum of areas, including personal injury litigation, probate litigation, fiduciary litigation, employment litigation, and commercial matters.

In my practice, I predominately work with other lawyers—typically small firms—to help get cases ready for trial and assist in trying cases in both state and federal court. I primarily represent plaintiffs.

Since opening my own practice, I have tried multiple cases to verdict as both lead and co-counsel and obtained large settlements on the eve of trial.

## The Successful Prosecution of this Case

I served as co-counsel in this matter. I joined the team in January 2022 but did not start working on this matter until late March 2022.

My involvement in this case began after the Court's summary judgment order was issued.

I prepared Plaintiffs' Opening Statement; developed the cross examination of Major Terry Truett—a critical cross examination in this case; and helped get Plaintiffs ready to testify. I also helped Mr. Franklin with developing a successful trial strategy based on my review of the key exhibits. I also assisted Mr. Franklin in preparing for voir dire and Plaintiffs' direct examination testimony.

Originally, when this matter was set for trial in April 2022, the plan was for me to take an active trial role, including delivering Plaintiffs' Opening Statement, cross examining Major Truett, and conducting cross and direct examination of other witnesses.

Unfortunately, after trial was moved to June 2022, I had family issues arise that prevented my personal attendance at trial.

## Reasonable Hours Expended

My billing records, which are based on contemporaneous billing records, are attached as Exhibit 3B.

Exhibit 3B consists of 2 pages.

These records were produced by me from contemporaneous billing records that were made in the regular course of business, and it was the regular course of business of Ben Newman Attorney at Law, PLLC for an employee or representative of Ben Newman Attorney at Law, PLLC with knowledge of the act or event recorded to make the record or to transmit information thereof to be included in such record, and the record was made in a reasonable

2

Attorney's fees affidavit of Benjamin J. Newman

manner with regard to timeliness.

Exhibit 3B reflects hours expended from the beginning of my involvement in this case through July 25, 2022.

Exhibit 1B reflects a minimum number of 40.95 hours of necessary legal work in the successful prosecution of this case.

From my hours, I then reduced the total time by 5% to reflect billing judgment and to account for things like unproductive time, duplicative efforts, and/or non-attorney work. The 5% reduction yields 38.9 hours.

My involvement in the case did not begin until after the Court dismissed the First Amendment claims and Henley's and Sikes' claims at the summary judgment stage. Therefore, all my work was performed with regard to the successful *Texas Whistleblower Act* claims of Mahan, Barton, and Riggins.

## The Reasonable Hourly Rate

This case was complex and required significant attorney's time, effort, and skills. This case also required me to devout a significant amount of time towards this matter, to the exclusion of potential cases.

Ben Newman Attorney at Law, PLLC is a one-attorney firm with no directly-employed staff. As such, the firm can only handle a limited number of cases at any one time.

Ben Newman Attorney at Law, PLLC joined this case with the understanding that this was a contingency fee case. Due to the contingent nature of the contract, there is always uncertainty as to whether any attorney's fee will ever be collected which is taken into consideration at the time of the signing of the employment contract with client. To date, neither I nor my law firm has received any remuneration from Plaintiffs, nor asked for any. The amount of the fees requested was both reasonably incurred and necessary to the prosecution of the case at bar.

The fee charged in this case is well within the parameters of the customarily charged fee in complex employment and civil rights case in Deep East Texas and is a fair and reasonable fee in this case. *See, e.g., McClain v. Lufkin Indus., Inc.*, 9:97-cv-063 (Doc. 621) at pp. 12–13 (E.D. Tex. Lufkin) ($400/hr. fee in 2009; $530.26 today when adjusted for inflation); *Combs v. City of Huntington, Texas*, No. 9:12-cv-00210 (Doc. 101) at pp. 5–6, Page ID #: 780–81 (E.D. Tex. Lufkin) ($375/hr. fee in 2015; $427.43/hr. today when adjusted for inflation).

The aggregate jury award of $1,500,000.00 is considered a great result from any perspective. Further, the Mahan, Barton, and Riggins recovered the maximum number of

3

Attorney's fees affidavit of Benjamin J. Newman

compensatory damages under the *Texas Whistleblower Act*—$250,000.00 each; $750,000.00 combined.

I respectfully request the Court take judicial notice of the court's file in assessing the fees.

<u>Lodestar Number</u>

Total hours for Benjamin N. Newman: 38.9 x $325.00 per hour = $12,642.50

To summarize my services, which a set forth in detail above, I formulated and drafted Plaintiff's Opening Statement, prepared the cross examination of Major Terry Truett, assisted in preparing the Plaintiffs to testify, and worked closely with Mr. Franklin to develop a highly successful trial strategy.

Further affiant sayeth naught."

Benjamin J. Newman, Affiant

SUBSCRIBED AND SWORN to before me this 16th day of August 2022, by the said Benjamin J. Newman to certify which, witness my hand and official seal of office.



Notary Public, State of Texas

4

Attorney's fees affidavit of Benjamin J. Newman

