# EXHIBIT 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RODNEY MAHAN, JOEL BARTON, JOHN RIGGINS, | § § § § § | |
| Plaintiffs | | |
| vs. | § § | CIVIL ACTION NO. 9:20-CV-00119-MJT |
| DEPARTMENT OF PUBLIC SAFETY, DIRECTOR STEVEN MCCRAW, CHARIMAN STEVEN MACH | § § § § § § | |
| Defendants | § | |

### AFFIDAVIT OF MORGAN MCPHEETERS

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

BEFORE ME, a notary public in and for the State of Texas, on this day personally appeared Morgan McPheeters, known to me to be the person whose name is subscribed below, who being by me duly sworn, upon oath deposes and says:

1. "My name is Morgan A. McPheeters. I am over the age of eighteen, have never been convicted of a felony or crime of moral turpitude, and am fully competent in all respects to make this affidavit. I have personal knowledge of the facts set forth herein, and they are true and correct.

2. I am an attorney duly licensed to practice law in the States of Texas and New Mexico.

3. I anticipate serving as lead appellate counsel for Plaintiffs Rodney Mahan, Joel Barton, Jr., John Riggins, John Henley, and Justin Sikes in the event of an appeal arising from the above-referenced case styled *Rodney Mahan, et al. v. The Texas Department of Public Safety, et al.*, Civ. Act. No. 9:20-cv-119 (E.D. Tex.), which was tried to a jury in the Lufkin Division of

the United States District Court for the Eastern District of Texas from June 21–28, 2022.

4.       This affidavit is submitted in support of Plaintiffs' request for attorney's fees and, particularly, Plaintiffs' request for appellate attorney's fees should this matter be appealed.

Background, Training, and Legal Experience

5.       I have been licensed to practice law in the State of Texas since May 2015 and have always been a member in good standing of the State Bar of Texas. I have been licensed to practice law in the State of New Mexico since September 2014 and have always been a member in good standing of the State Bar of New Mexico.

6.       I am admitted to practice law before the United States District Courts for the Eastern, Northern, and Western Districts of Texas. I am also admitted to practice before the United States Court of Appeals for the Fifth Circuit and before all Texas and New Mexico state courts.

7.       I graduated *cum laude* from Baylor Law School in May 2014. From March 2015 through August 2019, I worked as an Associate Attorney at Durham, Pittard & Spalding, LLP (formerly Kelly, Durham & Pittard, LLP) in Dallas, Texas. At Durham, Pittard & Spalding, LLP, I handled civil appeals in federal and state appellate courts in Texas and provided substantive litigation support to trial attorneys in plaintiff's personal injury and commercial litigation, including substantive briefing, pre- and post-trial motion practice, error preservation, and oral advocacy in trial and appellate courts. In September 2019, I opened McPheeters Law, PLLC, based in Dallas, Texas. I am the sole managing attorney of McPheeters Law, PLLC in Dallas, Texas. My practice consists of both trial and appellate work in the area of civil litigation, including, but not limited to, matters like this one.

8.       I have been a member of the Texas Bar College since 2019 and regularly participate in continuing education, including delivering presentations throughout the State of Texas at seminars related to civil appeals, civil litigation, and error preservation.

9.       I am familiar with the standards of practice required by, and regular practice in, the federal courts, state county courts, district courts, and courts of appeals in the State of Texas. I am also familiar with the standards for calculating reasonable and necessary attorney's fees in Texas and in federal district courts in Texas.

10.     A true and correct copy of my current resume/CV is attached hereto as Exhibit 5A and incorporated herein by reference. My CV more fully sets forth my qualifications and experience.

11.     The opinions in this affidavit are based on my experience, the applicable law, and analysis of the relevant legal issues.

## Appellate Attorney's Fees

12.     In both Texas state courts and federal district courts, the commonly accepted methodology for calculating reasonable and necessary attorney's fees is the lodestar calculation, which multiplies the number of hours expended by an appropriate hourly rate determined to be reasonable by a variety of factors, such as the time and labor required, the novelty and difficulty of the questions, the skill required to perform the legal service properly, the expertise of the attorney, the benefit obtained for the client, and the hourly rate customarily charged in the region for similar legal work. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 579 S.W.3d 469, 491-503 (Tex. 2019); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

13.     In August 2022, my law firm, McPheeters Law, PLLC, was engaged by Tanner Franklin, Plaintiffs' lead trial counsel in the above referenced matter, to serve as lead counsel for Plaintiffs in any potential appeals arising from this matter. Beginning in early July 2022, I have consulted with Mr. Franklin regarding potential appellate issues that may arise from this matter. Additionally, I have been provided with and reviewed copies of the pleadings in the case, the District Court's ruling on Defendants' Motion for Summary Judgment, the summary judgment briefing, and other key filings. I have also reviewed a copy of the District Court's Final Judgment entered in this matter on July 20, 2022.

14.     Based on my review and my consultation with Mr. Franklin about this case, it is my understanding that the District Court conducted a 4.5-day jury trial from June 21-28, 2022, which involved claims of multiple plaintiffs against multiple defendants. Trial proceeded on Plaintiffs Rodney Mahan's, Joel Barton's, and John Riggins's claims under the Texas Whistleblower Act found in Chapter 544 of the Texas Government Code. The District Court had previously dismissed the Texas Whistleblower Act claims of Plaintiffs Justin Sikes and John Henley. *See* [Doc. 46] Dec. 29, 2021 Order Granting Mot. for Summ. J. in Part, at p. 25. Additionally, all Plaintiffs had also brought claims under the First Amendment of the United States Constitution and 42 U.S.C § 1983, which the District Court dismissed by summary judgment as well. *Id.*

15. Plaintiffs will incur additional attorney's fees should this case be appealed. In particular, should this case be appealed, I estimate that Plaintiffs will incur approximately 100-170 hours of attorney's fees for responding to an appeal and/or for pursuing a cross-appeal to the United States Court of Appeals for the Fifth Circuit; approximately 50-80 hours if Plaintiffs have to file or respond to a petition of writ of certiorari in the United States Supreme Court; and approximately 100-150 hours for merits briefing and argument in the United States Supreme Court. While it is not possible to predict with absolute accuracy the fees that will be incurred in the future, these estimates are based on my years of experience in litigating cases before the state and federal trial courts and appellate courts in the State of Texas.

16. Such necessary legal services in the event of an appeal in this matter will likely include but are not limited to: review of the appellate record, including the clerk's record and the reporter's record from trial and any other relevant oral hearings; preparation of Plaintiffs' notice of appeal as to any cross-appellate issues; review and analysis of any appellate brief filed by Defendants; review and analysis of relevant legal authority; preparation of Plaintiffs' appellate briefs, including their Appellees' Brief in response to Appellants' Brief, as well as any opening brief as to Plaintiffs' cross-appeal; review and analysis of any reply appellate brief filed by Defendants and preparation of a reply brief on behalf of Plaintiffs as to any cross-appeal; and preparation for and participation in oral argument before the United States Court of Appeals for the Fifth Circuit. In the event of further appellate proceedings before the United States Supreme Court, such necessary legal services will include preparation of petition for writ of certiorari or preparation of a response to petition for writ of certiorari to the Supreme Court; and merits briefing and oral argument before the Supreme Court.

17. My hourly rate for handling complex appellate matters like this is $350.00 per hour. My normal hourly rate ranges between $280 and $350, depending on the type and complexity of the case. Based on my training and experience, an hourly rate of between $300.00 and $350.00 hour is reasonable for complex post-judgment and appellate work by an attorney of my level of experience and expertise in the State of Texas, the Fifth Circuit, and North Texas and East Texas in particular.

18. Given the complex nature of this case, the likely length of the appellate record, and the issues likely to be raised on appeal, it is my opinion that the rate of $350.00 per hour is reasonable for complex civil appellate work like this by attorneys of my level of experience and expertise in North Texas and East Texas. This assessment is based on the factors set forth in the Texas Disciplinary Rule of Professional Conduct 1.04; *Rohrmoos Venture*

*v. UTSW DVA Healthcare, LLP*, 579 S.W.3d 469 (Tex. 2019); *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997); and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989). These factors include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Rohrmoos Venture*, 579 S.W.3d at 494 (quoting *Arthur Andersen*, 945 S.W.2d at 818). These factors are virtually identical to the factors espoused by the Fifth Circuit. *See Johnson*, 488 F.2d at 717-19.

19. Regarding Factor (1), considering the length of the jury trial and likely size of the appellate record, and having reviewed the key documents and pleadings in this case and identified the potential issues likely to be raised on appeal by Defendants—as well as the potential cross-appellate issues that may be raised by Plaintiffs on appeal—it is my opinion that this is a complex civil matter that will require approximately 150 hours of appellate legal services in the event of an appeal. Proper defense of the jury's verdict and the District Court's judgment on appeal will require considerable effort and time. As such, with regard to Factor (2), the fees and time I estimate will be expended on this matter on appeal are both reasonable and necessary.

20. Regarding Factor (3), I regularly bill and collect in the range of rates set forth above, which demonstrates that these rates are reasonable and normal in my area of practice. Additionally, in my experience, this range of hourly rates is consistent with the hourly rates charged by other qualified attorneys with my level of experience and expertise involved in complex appellate matters in the State of Texas, the Fifth Circuit, and North Texas and East Texas in particular. Thus, it is my opinion that an hourly rate of $350 is reasonable based on Factor (3).

21.     Regarding Factor (4), the jury awarded each Plaintiff $500,000.00 in damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, pursuant to Texas Government Code Section 554.003. The District Court reduced the amount awarded by the jury to comply with applicable damages caps under Texas law, rendering a judgment that Plaintiffs each recover $250,000.00, and their costs, from Defendants. Given this success, the hours to be expended on appeal to defend this judgment on appeal and the fees to be charged are reasonable and necessary when considered with regard to Factor (4).

22.     Regarding Factor (7), I anticipate serving as lead appellate counsel for Plaintiffs in the event of any appeal in this matter, with Mr. Franklin continuing as co-counsel on appeal. I graduated *cum laude* from Baylor Law School in May 2014. Since its inception, my practice has consisted of both trial and appellate work in the area of civil litigation, including, but not limited to, matters like this one. For nearly eight years, I have handled complex civil appeals in federal and state appellate courts in Texas and provided substantive litigation support to trial attorneys in plaintiff's personal injury and commercial litigation, including substantive briefing, pre- and post-trial motion practice, error preservation, and oral advocacy in trial and appellate courts. Although I have not done so yet, I am currently eligible to apply for specialization with the Texas Board of Legal Specialization in the area of Civil Appellate Law. I have also been the recipient of numerous honors and awards throughout my practice from organizations such as the Texas Women lawyers and the Dallas Trial Lawyers Association, as set forth more fully in my attached CV. Accordingly, it is my opinion that Factor (7) further demonstrates that an hourly rate of $350 is reasonable for appellate attorney's fees here.

23.     To summarize, based on my estimate of the number of hours of legal services that will be necessary in the event of an appeal, and the reasonable hourly rate of attorney's fees of $350.00 per hour, the total lodestar fee range for reasonable and necessary attorney's fees on appeal will be approximately:

- $35,000.00 to $59,500.00 (approximately 100-170 hours at $350.00/hour) for responding to an appeal and/or for pursuing a cross-appeal to the United States Court of Appeals for the Fifth Circuit;

- $17,500.00 to $28,000.00 (approximately 50-80 hours at $350.00/hour) if Plaintiffs have to file or respond to a

    petition of writ of certiorari in the United States Supreme Court; and

- $35,000.00 to $52,500.00 (approximately 100-150 hours at $350.00/hour) for merits briefing and argument in the United States Supreme Court.

24. These lodestar range amounts do not include any time incurred in preparing this affidavit.

Further affiant sayeth naught."

                                                                Morgan A. McPheeters, Affiant

SUBSCRIBED AND SWORN to before me this ___ day of August 2022, by the said Morgan McPheeters to certify which, witness my hand and official seal of office.

                                                                Notary Public, State of Texas

Heather Suzanne Teer
My Commission Expires
04/03/2025
ID No. 12200548