IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RODNEY MAHAN, JOHN H. HENLEY, III, JOEL BARTON, JR., JOHN RIGGINS, AND JUSTIN SIKES<br>    *Plaintiffs* | §<br>§<br>§<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 9:20-CV-00119 |
| | § | |
| THE TEXAS DEPARTMENT OF PUBLIC SAFETY, STEVEN MCCRAW, AND STEVEN MACH<br>    *Defendants* | §<br>§<br>§<br>§ | <br><br><br>JURY DEMANDED |

**PROPOSED AMENDED FINAL JUDGMENT**

From June 21–28, 2022, the Court conducted a trial in the above referenced matter, including empaneling an impartial jury. After hearing the evidence from both parties, the jury returned its verdict in favor of Plaintiffs Rodney Mahan, Joel Barton, and John Riggins. The jury awarded each Plaintiff $500,000.00 in damages in "future pecuniary losses, emotional pain suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary Tex. Gov. Code § 554.003. However, this amount exceeds the damages cap permitted by Texas law. *See id*. Therefore, this Court reduces the amount awarded by the jury to the appropriate sum of $250,000.00 per Plaintiff. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this final judgment.

It is therefore **ORDERED** that Plaintiff Rodney Mahan recover Two Hundred and Fifty Thousand Dollars ($250,000.00) and his attorney's fees costs from Defendant the Texas Department of Public Safety.

It is further **ORDERED** that Plaintiff Joel Barton recover Two Hundred and Fifty Thousand Dollars ($250,000.00) and his attorney's fees costs from Defendant the Texas Department of Public Safety.

It is further **ORDERED** that Plaintiff John Riggins recover Two Hundred and Fifty Thousand Dollars ($250,000.00) and attorney's fees his costs from Defendant the Texas Department of Public Safety.

*[COURT TO INSERT LANGUAGE ON ATTORNEY'S FEES AWARDED.]*

It is further **ORDERED** within 7 calendar days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall place in Rodney Mahan's, Joel Barton, Jr.'s and John Riggins' personnel files a written copy of this full, Final Judgement and a copy of the entire 10-page jury verdict (Doc. No. 81). Within 14 days after the date of this Judgment, Defendant, the Texas Department of Public Safety shall certify that this has been done in writing to this Court.

It is further **ORDERED** within 7 calendar days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall remove the September 28, 2020, Manager Evaluation submitted by Sgt. Robert Shugart and approved by Lt. James Brazil from Joel Barton, Jr.'s personnel file and the CAPS online system. Within 14 days after the date of this Judgment, Defendant, the Texas Department of Public Safety shall certify that this has been done in writing to this Court.

It is further **ORDERED** within 7 calendar days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall remove the October 30, 2020, Manager Evaluation submitted by Sgt. Robert Shugart and approved by Lt. James Brazil from Rodney Mahan's personnel file and the CAPS online system. Within 14 days after the date of this Judgment, Defendant, the Texas Department of Public Safety shall certify that this has been done in writing to this Court.

It is further **ORDERED** within 30 calendar days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall deliver to each of its employees which testified during the above-styled trial a copy of the letter attached as Exhibit 1 on DPS letterhead. Within 60 days

after the date of this Judgment, Defendant, the Texas Department of Public Safety shall certify that this has been done in writing to this Court.

It is further **ORDERED** within 30 calendar days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall require the chain-of-command for the Highway Patrol Division Region 2, to include ranks of Major, Captain, Lieutenant, and Sergeant, to verify that they have read the *Texas Whistleblower Act*.

**THIS IS A FINAL JUDGMENT.**

EXHIBIT 1

[DPS Letterhead]

Date: _____

Dear [Rank of Witness] [Last Name of Witness]:

This letter is being sent to you as a result of a court order in a lawsuit brought by the Rodney Mahan, Joel Barton, Jr., John Riggins, and others against the Texas Department of Public Safety, in the United States District Court for the Eastern District of Texas, Civil Action Number 9:20-CV-00119-MJT.

On June 28, 2022, a federal court jury in Lufkin, Texas, found that the Texas Department of Public Safety violated the *Texas Whistleblower Act*. The jury determined that the Texas Department of Public Safety unlawfully retaliating against Rodney Mahan, Joel Barton, Jr., and John Riggins for reporting unlawful activity occurring within DPS, namely a perceived illegal quota system for traffic stops and criminal arrests and providing improper benefits to DPS employees for making the most traffic stops and criminal arrests.

The *Texas Whistleblower Act* protects public employees—including DPS employees—who make good faith reports of violations of law by their employer to an appropriate law enforcement authority. An employer may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who makes a report under the Act.

The Texas Department of Public Safety will not tolerate any such unlawful retaliation in violation of the *Texas Whistleblower Act* and will take the appropriate disciplinary action against any manager, supervisor or employee who engages in unlawful retaliation, up to and including termination. If you believe that you are being retaliated against for your involvement in this case, you should report it to your immediate supervisor and/or the Office of the Inspector General immediately.

Sincerely,

[signature of DPS Director Steven McCraw]

Enclosure:

(1) The Court's Final Judgment in *Mahan, et al. v. Texas Department of Public Safety*, Civ. Action. No. 9:20-CV-00119-MJT (E.D. Tex. 2022)