IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| RODNEY MAHAN; JOHN H. HENLEY, III; JOEL BARTON, JR.; AND JOHN RIGGINS,<br><br>    *Plaintiffs*,<br><br>v.<br><br>THE TEXAS DEPARTMENT OF PUBLIC SAFETY,<br><br>    *Defendant*. | §§§§§§§§§§    CIVIL ACTION NO. 9:20-CV-00119<br>   JUDGE MICHAEL J. TRUNCALE |

## AMENDED FINAL JUDGMENT

From June 21–28, 2022, the Court conducted a trial in the above referenced matter, including empaneling an impartial jury. After hearing the evidence from both parties, the jury returned a verdict in favor of Plaintiffs Rodney Mahan; Joel Barton, Jr.; and John Riggins (collectively, "Plaintiffs"). The jury awarded each Plaintiff $500,000.00 in damages in "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." Tex. Gov't Code Ann. § 554.003. This amount exceeded the damages cap permitted by Texas law, however. *See id.* Therefore, this Court reduced the amount awarded by the jury to the appropriate sum of $250,000.00 per Plaintiff. On July 20, 2022, the Court entered a Final Judgment in this matter. [Dkt. 93]. In entering the Final Judgment, the Court erroneously omitted to award Plaintiffs attorneys' fees and equitable relief. The Court hereby amends the Final Judgment [Dkt. 93] to include this relief. *See* Fed. R. Civ. P. 60(a) ("The court may correct a . . . mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.").

Pursuant to Federal Rules of Civil Procedure 60(a) and 58(a), the Court vacates its original Final Judgment [Dkt. 93] and enters this Amended Final Judgment. It is therefore:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff Rodney Mahan recover Two Hundred and Fifty Thousand Dollars ($250,000.00) and his costs from Defendant, the Texas Department of Public Safety.

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff Joel Barton, Jr. recover Two Hundred and Fifty Thousand Dollars ($250,000.00) and his costs from Defendant, the Texas Department of Public Safety.

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff John Riggins recover Two Hundred and Fifty Thousand Dollars ($250,000.00) and his costs from Defendant, the Texas Department of Public Safety.

**ORDERED, ADJUDGED, AND DECREED** that Plaintiffs recover from Defendant, the Texas Department of Public Safety, the following attorneys' fees for the district court phase of this litigation, with post-judgment interest as provided by law, accruing from July 20, 2022:

- $137,875.00 in attorney's fees for Mr. Tanner G. Franklin's services.
- $103,312.00 in attorney's fees for Mr. Sean F. Hightower's services.
- $12,642.50 in attorney's fees for Mr. Benjamin J. Newman's services.

**ORDERED, ADJUDGED, AND DECREED** that if Plaintiffs remain the prevailing party after all direct appeals are exhausted or become time barred, Plaintiffs recover from Defendant, the Texas Department of Public Safety, the following attorneys' fees for the appellate phase of this litigation:

- $45,000.00 if an appeal is filed by Defendant, the Texas Department of Public Safety, to the United State Court of Appeals for the Fifth Circuit.
- $22,750.00 if a petition for writ of certiorari is filed by any party to the Supreme Court of the United States.
- $43,750.00 if full merits briefing is requested by the Supreme Court of the United States.

**ORDERED, ADJUDGED, AND DECREED** that within 7 calendar days after the date of this Amended Final Judgment, Defendant, the Texas Department of Public Safety, shall place in Rodney Mahan; Joel Barton, Jr.; and John Riggins' personnel files a written copy of this full, Amended Final Judgement and a copy of the entire 10-page jury verdict [Dkt. 81]. Within 14 days after the date of this

Amended Final Judgment, Defendant, the Texas Department of Public Safety, shall certify that this has been done in writing to this Court.

**ORDERED, ADJUDGED, AND DECREED** that within 7 calendar days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall remove the September 28, 2020, Manager Evaluation submitted by Sgt. Robert Shugart and approved by Lt. James Brazil from Joel Barton, Jr.'s personnel file and the CAPS online system. Within 14 days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall certify that this has been done in writing to this Court.

**ORDERED, ADJUDGED, AND DECREED** that within 7 calendar days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall remove the October 30, 2020, Manager Evaluation submitted by Sgt. Robert Shugart and approved by Lt. James Brazil from Rodney Mahan's personnel file and the CAPS online system. Within 14 days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall certify that this has been done in writing to this Court.

**ORDERED, ADJUDGED, AND DECREED** that within 30 calendar days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall deliver to each of its employees which testified during the above-styled trial a copy of the letter attached as Exhibit 1 on DPS letterhead. Within 60 days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall certify that this has been done in writing to this Court.

**ORDERED, ADJUDGED, AND DECREED** that within 30 calendar days after the date of this Judgment, Defendant, the Texas Department of Public Safety, shall require the chain-of-command for the Highway Patrol Division Region 2, to include ranks of Major, Captain, Lieutenant, and Sergeant, to verify that they have read the Texas Whistleblower Act.

**THIS IS A FINAL JUDGMENT.** The original Final Judgment in this matter, [Dkt. 93], is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Defendant's Unopposed Rule 60(a) Motion for Relief from Judgment, [Dkt. 109], requesting that the Court amend the Final Judgment to reflect recovery only from the Texas Department of Public Safety is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend the Court's Final Judgment to Include Equitable Relief [Dkt. 98] is hereby **DENIED AS MOOT.**

**SIGNED this 1st day of December, 2022.**

_____
Michael J. Truncale
United States District Judge