In the United States District Court
for the Eastern District of Texas
Lufkin Division

| | | |
|---|---|---|
| Rodney Mahan, John Henley, III, Joel Barton, Jr., John Riggins, and Justin Sikes <br>     Plaintiffs <br><br> v. <br><br> The Texas Department of Public Safety, Steven McCraw, and Steven Mach <br>     Defendants. | § § § § § § § § § § | <br><br><br> Civil Action No. 9:20-cv-00119 <br><br><br><br> Jury |

**DEFENDANTS' EMERGENCY MOTION TO STAY PENDING APPEAL**

TO THE HONORABLE MICHAEL J. TRUNCALE:

By its Amended Final Judgment dated December 11 2022 (Dkt. No. 114), this Court entered a permanent injunction directing Defendant to take certain actions concerning Plaintiffs' personnel files, witnesses, and agency employees. Defendant intends to file a notice of appeal to the Fifth Circuit from this Order. Pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a)(1)(A), (C), Defendant moves the Court to stay its Order pending appeal and **respectfully requests a ruling on this emergency motion to stay by the close of business on Friday, December 6, 2022.**

**STANDARD**

Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction." Courts "consider four factors in deciding whether to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013).

## ARGUMENT

A stay is justified because Defendant is likely to succeed on the merits of its appeal for the reasons stated in its motion to dismiss, motion for summary judgment, and renewed motion for a matter of law. ECF Nos. 10, 35, 103. In short, Plaintiffs are not entitled to any relief because they failed to exhaust their administrative remedies as required by the Texas Whistleblower Act. Before suit may be brought, an employee must strictly abide by the mandatory and jurisdictional procedural requirements set out in the Act. *City of Madisonville v. Sims,* 18-1047, 2020 WL 1898540, at *3 (Tex. Apr. 17, 2020) (citing Tex. Govt. Code § 311.034); *see* Tex. Govt Code § 554.006(a). Further, there is no legally sufficient evidence to support the jury's finding in favor of Plaintiff Barton given the only evidence presented on the question to the jury regarding Plaintiff Barton affirmatively negated Plaintiff Barton's contention.

A stay is also justified because the Amended Final Judgment threatens irreparable injury to the State. The Amended Final Judgment requires the Defendant to commit a Class A misdemeanor under Texas State Law. Tex. Pen. Code § 37.10(a)(3) ("A person commits an offense if he: intentionally destroys, destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record."). Thus, the Amended Final Judgment runs afoul of "the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments." *Younger v. Harris*, 401 U.S. 37, 44 (1971). This notion has long been held to extend beyond the attack of state judicial action, as in *Younger*, to "areas of particular state administrative concern," including the enforcement and compliance with state laws. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *see*

*Woodford v. Ngo*, 548 U.S. 81, 94 (2006) ("it is 'difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons.'") (quoting *Preiser*, 411 U.S. 475, 491-92). The Amended Final Judgment not only overrides that notion, but it wholly ignores the federalism principles upon which the Nation is built. *See Texas v. United States Envt'l Protection Agency*, 829 F.3d 405, 434 (5th Cir. 2016) (holding that s State suffers an "institutional injury" from the "inversion of . . . federalism principles"); *see also Moore v. Tangipahoa Par. Sch. Bd.*, 507 F. App'x 389, 399 (5th Cir. 2013) (per curiam) (finding that a State suffers irreparable harm when an injunction "would frustrate the State's program"); *see also Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018) (recognizing that "the inability to enforce its duly enacted [laws] clearly inflicts irreparable harm on the State").

On the other hand, a stay pending appeal will not threaten the Plaintiffs with irreparable harm because it maintains the status quo, and the Plaintiffs have alleged no threat of harm. A permanent injunction requires a showing of "irreparable harm." The threat of harm must be likely and imminent: "There must be more than a mere possibility or fear that the injury will occur. . . . To warrant the granting of an injunction on ground that irreparable injury is threatened, the injury contemplated must be real, not fancied; actual, not prospective; and, threatened, not imagined." 11A Wright & Miller, *Federal Practice & Procedure* § 2942 (cleaned). Here, the Plaintiffs have not presented any evidence to support their contention that the harm they allegedly suffered from Defendant is ongoing or likely to continue in the future. Plaintiffs are either no longer employed by Defendant, of their own choosing, or have transferred positions to more specialized divisions within the agency, again, of their own choosing. Further, there is no evidence beyond mere

speculation and personal belief that the testifying witnesses will be retaliated against by the Defendant based on their participation in this lawsuit.

The threat of irreparable harm to the State absent a stay means that the public interest favors a stay. "Because the State is the appealing party, its interest and harm merge with that of the public." *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017) (citing *Nken v. Holder*, 556 U.S. 418, 425-26 (2009)).

## CONCLUSION

The Court should stay its Amended Final Judgment pending appeal.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

SHANNA E. MOLINARE
Chief, Law Enforcement Defense Division

*/s/ Penny Maley*
PENNY MALEY
Assistant Attorney General
Texas State Bar No. 24105159
penny.maley@oag.texas.gov

*/s/ Jason Bramow*
JASON BRAMOW
Assistant Attorney General
Texas State Bar No. 24101545
jason.bramow@oag.texas.gov

Law Enforcement Defense Division

Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax No. (512) 370-9814

**Attorneys for Defendant DPS**

5

**Certificate of Conference**

I, Penny Maley, Assistant Attorney General of Texas, do hereby certify that on December 5, 2022, I conferred with Tanner Franklin, Lead Counsel for Plaintiffs, in this matter. Plaintiffs indicated they are opposed to this motion.

*/s/ Penny Maley*
PENNY MALEY
Assistant Attorney General

**Notice of Electronic Filing**

I, Penny Maley, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Eastern District of Texas on December 5, 2022.

*/s/ Penny Maley*
PENNY MALEY
Assistant Attorney General

**Certificate of Service**

I, Penny Maley, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served via the Electronic Case Files System of the Eastern District of Texas on December 5, 2022.

*/s/ Penny Maley*
PENNY MALEY
Assistant Attorney General